JOSEPH E. COBBEY, SR., PLAINTIFF IN ERROR, V.
JOHN B. WRIGHT, DEFENDANT IN ERROR.

1. **Action Against Defendants Residing in Different Counties:** SUMMONS: DISMISSAL OF ACTION: JURISDICTION. In a personal action against two defendants, a summons was served on one in the county where the action was pending, and another summons was issued therein to the sheriff of another and different county, and served on the other defendant in such other county, of which other county he was an inhabitant, and before a general appearance of the party served as last aforesaid in the action, the plaintiff voluntarily dismissed the case as to the defendant served in the county where the said cause was pending. *Held*, That the court thereby lost jurisdiction of the other defendant.

2. **Special Appearance:** JUDGMENT BY DEFAULT: OPENING JUDGMENT. A defendant in an action not legally served with process, but against whom a judgment by default has been entered, may appear specially and pray the court to set aside such judgment of default, and upon such default being opened, enter a plea in abatement to the jurisdiction of the court, without being held to have made a general appearance in the action.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*J. E. Cobbey*, for plaintiff in error, cited: *Dunn v. Hazlett*, 4 Ohio State, 436. *Allen v. Miller*, 11 Id., 374.

*Abbott & Lansing*, for defendant in error, cited: *Cropsey v. Wiggenhorn*, 3 Neb., 108. Civil Code, Sec. 72.

COBB, J.

This cause was brought in the district court of Lancaster county by John B. Wright, plaintiff, against J. E. Cobbey and Samuel Melick, defendants. The object of the action was to enjoin Cobbey, as the owner of a judg-

ment rendered in his favor by a justice of the peace of Gage county, against said Wright and one Hutchinson, a transcript of which had been filed in the office of the clerk of the district court of Lancaster county, from holding said judgment as a lien upon the property of the plaintiff, or of levying an execution issued thereon upon his said property, and enjoining the said Melick from levying such execution as sheriff of said county of Lancaster. A summons was issued and served on the defendant, Melick, in Lancaster county; another summons was issued against Cobbey, to the sheriff of Gage county, and served on him in that county, of which he is and was an inhabitant. A temporary order of injunction was issued.

The defendant, Melick, appeared and demurred to the petition. The defendant, Cobbey, did not appear at the term of court at which the summons against him was returnable, whereupon he was called according to law, and the practice of said court, and failing to answer, or appear, his default was regularly entered; and thereupon it was ordered by the said court that the allegations of the plaintiff's petition were taken and confessed to be true as against him, the said Cobbey. And thereupon, on motion of plaintiff, said action was dismissed as to the defendant, Samuel M. Melick, sheriff, etc.

Afterwards, on the 17th day of December, 1886, the said cause came on to be heard, upon the motion of the defendant, J. E. Cobbey, Sr., to set aside the default theretofore entered of record against him on the 15th day of December, 1886, and it was ordered by the court that the said motion be sustained, and the said default was thereupon set aside, vacated, and held for naught, and leave given to the said defendant, J. E. Cobbey, Sr., to answer in said action, etc. Thereupon the said defendant, J. E. Cobbey, Sr., appearing for the sole purpose of said motion, objected to the jurisdiction of said court to further proceed in the said action, or to require him to further

plead in said action, and said that the said court had no jurisdiction over the subject-matter of this controversy, or over the person of the said defendant, as shown by affidavit thereto attached.

On the 21st day of March, 1887, the said court, upon consideration thereof, overruled the said plea, and on the 25th day of said month the said cause again come on for hearing, and the defendant being in default of an answer, and failing to appear, or answer, when called, according to the practice of said court, the court again found that the allegations of plaintiff's petition are true and confessed by the defendant, J. E. Cobbey, Sr., and thereupon said cause come on for a trial to said court without the intervention of a jury, and thereupon the said court rendered a final judgment for the said plaintiff, and that the said injunction be made perpetual.

The defendant brings the cause to this court on error. He assigns several causes, but one of which, it is deemed necessary to examine, to-wit : that the court erred in assuming jurisdiction over the person of the said defendant, or over the subject-matter of the controversy.

The defendant in error moved, in this court, to strike from the files the affidavit of the plaintiff in error, filed in the court below, showing himself to be a resident of Gage, and not of Lancaster, county, and that the summons in said action was served on him in the former, and not in the latter county, for the reason that said affidavit was not preserved by a bill of exceptions. This motion must be sustained, it having been settled by a long line of cases in this court that any testimony or instrument of evidence used or offered at a trial or in the course of a judicial proceeding, and which does not belong to the record proper, in order to be available in this court, must be preserved in a bill of exceptions. See *Tessier v. Crowley*, 16 Neb., 369, cases there cited. *Bradshaw v. The State*, 17 Id., 147. *Graves v. Scoville*, Id., 593, and later cases. At the same

time it must be observed that the affidavit referred to was not necessary for the purpose of raising the question of the jurisdiction of the district court over the person of the plaintiff in error, and the subject-matter of the suit.

It appears from the record that the only service made, or had, upon the defendant was made in the county of Gage, and by the sheriff of that county. Had the suit. been brought against Cobbey alone, it will not be claimed that the district court of Lancaster county could acquire jurisdiction of his person by issuing a summons to the sheriff of Gage county, and a service thereof in that county. But Melick being joined with Cobbey as a defendant, by service of the summons upon him in Lancaster, the district court of that county acquired jurisdiction, under the stat- ute, to summon Cobbey by a service in Gage county, but this jurisdiction depending entirely upon the presence of Melick as a party to the action, did not the continuance of such jurisdiction also depend upon his continued pres- ence as such party? And when by the act of the plaint- iff himself, Melick ceased to be a party to the record, did not the court lose jurisdiction over Cobbey? That it did seems to be in accordance with the holding of this court in the case of *Dunn v. Haines*, 17 Neb., 560. In that case the action was brought in the county court of Douglas county, on a promissory note executed by the two Dunns and T. M. Marquett; a summons was served on Marquett, in Douglas county, and another summons was served on the Dunns, in Lancaster county; Marquett answered, alleg- ing 'that he was security on the note, and the other defend- ants were principals, and that the time of payment of the note had been extended from April 29, 1881, until June 1, 1881, without the consent or knowledge of him, Mar- quett. The other defendants demurred to the petition for the want of jurisdiction in the court, and the demurrer being overruled, filed an answer alleging that at the time of the execution of the note in question, and when the

action was brought, they were residents of Lancaster county, and that the service of summons was made upon them in Lancaster county.    On the trial the court found in favor of Marquett, and against the other defendants, and rendered judgment accordingly.    The Dunns appealed to the district court, where they set up the same defense. There was judgment for the plaintiff also in that court, no claims being there made against Marquett.    The Dunns brought the case to this court on error, where it was *held*, that, having appealed to the district court, they had submitted themselves to its jurisdiction, and the judgment was affirmed; but it appears from the opinion that had they taken the cause to the district court on *error*, instead of by appeal, the result should have been different.    In the opinion, the court cites with approval the case of *Allen v. Miller*, 11 O. S., 374.    I quote the syllabus in that case:

"1.    In order to give the court of common pleas jurisdiction in an action against a defendant resident and served with process in *another* county than that in which the suit is brought, under the 53d and 58th sections of the code, the other defendant or defendants resident or served with process in the county in which the suit is brought, must have a real and substantial interest in the subject of the action *adverse* to the plaintiff and against whom substantial relief is sought; and hence,

"2.    Where H. H. & Co., residing in Cuyahoga county, assigned to A. as collateral security for a debt due from them to A., an account claimed to be due to them from M., who resided in Hamilton county, and A. brought suit in Cuyahoga county against H. H. & Co. and M. as defendants, and obtained service of summons against M. in Hamilton county only ; and M. answered not only to the merits, but also, in the same answer, denying the jurisdiction of the court, the action was rightfully dismissed for want of jurisdiction as against him."

In the case at bar, while Melick, as sheriff of Lancaster

county, had in his hands an execution issued on the judgment which the plaintiff claims had been wrongfully and without authority entered up by a justice of the peace in Gage county, and a transcript thereof filed in Lancaster county, and was threatening and about to levy on the plaintiff's property, he might be made a defendant in a suit to enjoin both execution and judgment, and proceeded against to final judgment; and in that case, as the plaintiff and the pretended owner of such wrongfully entered judgment, the defendant in error was properly made a defendant in such suit and served with summons in whatever county of the state he may have been found, but his liability to be so served depended solely upon his connection, in the subject-matter of such suit, with his co-defendant, Melick. It therefore, as I think, logically follows that when the plaintiff voluntarily dismissed his action as against Melick, he let go of the only cord by which he could hold Cobbey, and surrendered the jurisdiction which the court had acquired of him by means of the service in Gage county. After such dismissal, the conditions which made such service legal no longer existed, and the force and effect of such service ceased to operate. Had Cobbey, in the meantime, come into court and answered to the merits, the jurisdiction of the court would no longer have depended upon the service, but this he did not do. I think, therefore, that by the voluntary dismissal of the case, as to Melick, the court lost jurisdiction of the plaintiff in error.

Defendant in error makes the proposition that, even if the plaintiff in error was not bound by the service of summons in Gage county, he submitted himself to the jurisdiction of the court by coming in and moving the court to set aside his default. To this he cites the case of *Cropsey v. Wiggenhorn*, 3 Neb., 108. The court, in the syllabus in that case, lays down the rule as follows: "A defendant may appear specially to object to the jurisdiction of the court, but if, by motion or other form of application to the

court, he seek to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally."

Defendant in error also takes the ground, in the brief, that the action was *in rem.*, that the unlawful and colorable judgment, which was in form a lien on plaintiff's property, was the real defendant, and that defendant Cobbey was drawn in, collaterally, as the holder of such lien. Doubtless the plaintiff's petition could have been drawn so as to have made this view applicable; but in that case the real property of the plaintiff, on which the said judgment was claimed to be a lien, and the title thereof clouded and depreciated thereby, and the specific relief prayed, should have been the cancellation of said pretended lien upon such property specifically. But by an examination of the said petition it appears that it was an action *in personam* against the defendant, Cobbey, as well in respect to the pretended judgment in the justice's court in Gage county as to the transcript thereof filed in Lancaster county, and no specific real property of the plaintiff is set out or described upon which such transcript or judgment was or claimed to be a lien.

The decree of the district court is therefore reversed and the cause remanded, with instructions to permit the defendant in error, upon payment of all costs, to amend his petition and proceed therein according to law.

JUDGMENT ACCORDINGLY.

THE other judges concur.