SAMUEL BAIR ET AL. V. THE PEOPLE'S BANK.

[FILED OCTOBER 4, 1889.]

1. **Negotiable Instruments**: CAPACITY TO SUE: ESTOPPEL. An action was brought by "The People's Bank" against the makers of a promissory note and personal service had on the same and judgment rendered by default. Afterwards the makers of the note took the case on error to the district court, where the judgment was affirmed. *Held*, That while the name of "The People's Bank" would not of itself show the legal capacity of the plaintiff, yet if the note was given to the bank by that name the makers could not deny its right to bring suit thereon; and as error must affirmatively appear, and the record showing that a note was introduced in evidence, it must be presumed to have been given to the bank by that name.

2. **Summons**: SERVICE BEYOND COUNTY: AUTHORITY OF PROBATE JUDGE. In an action brought in a county court on a promissory note to recover less than $200, where one or more of the defendants is properly summoned in that county, the judge

has authority to issue a summons to other counties of the state to bring in other joint or joint and several obligors.

*Quære:* Whether, under section 1085 of the Code, this power may not be exercised by justices of the peace.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Maule & Sloan*, for plaintiff in error:

The description " The People's Bank," plaintiff, is not sufficient under our statute (Code, sec. 24; *B. & M. R. Co. v. Dick*, 7 Neb., 243); security for costs was not given as required, hence the court acquired no jurisdiction. (Id.; Code, sec. 26.) There was apparently no bill of particulars as required by sec. 1086 of the Code, and therefore no pleading sufficient to support a judgment. The court lost jurisdiction of the persons of defendants. (Code, secs. 959, 960, 961, 970.) The provisions of the Code authorizing a county judge to issue a summons to other counties do not apply when he acts as justice of the peace.

*R. W. Sabin*, for defendant in error:

" The People's Bank " is a resident corporation, and its corporate existence cannot be denied by maker of note. (*Platte Valley Bank v. Harding*, 1 Neb., 461 ; *Haskins v. Bank*, 12 Neb., 39.) There was a sufficient docket entry. A county judge may issue a summons to other counties when he acts as a justice of the peace. (*Ghost v. Hill*, 11 Neb., 472 ; Comp. Stats. 1887, ch. 20, secs. 23, 24.)

MAXWELL, J.

This action was brought by the defendant in error against the plaintiffs in error and O. C. Sabin in the county court of Gage county and judgment rendered in favor of the defendant in error. The case was then taken on error to the district court, where the judgment was affirmed. The record of the trial before the county court is as follows:

"THE PEOPLE'S BANK
        v.
SAMUEL BAIR,
ELEANORE BAIR, AND
O. C. SABIN.

"April 10, 1888.— Plaintiff files bill of particulars, claiming judgment against defendants in the sum of $100 and interest at ten per cent from November 11, 1886, as money due and unpaid on a certain promissory note.   Summons issued to the sheriff of Fillmore county, Neb., returnable April 21, 1888, at 10 o'clock A. M.

"April 17, 1888.— Summons returned endorsed : 'Served by delivery to and leaving with the said Samuel Bair and Eleanore Bair a true and certified copy of this writ, with all the endorsements thereon.   W. I. Carson, sheriff of Fillmore Co., Nebr.   Fees, $2.95, paid by People's Bank."

"April 21, 1888.— It appearing to the court that no service of summons has been made on defendant Sabin, this case continued until April 30, 1888, at 10 o'clock A. M.

"April 23, 1888.— Comes the above named O. C. Sabin and enters voluntary appearance herein.

"April 30, 1888.— Cause continued until May 17, 1888, 9 o'clock A. M., on application of plaintiff's attorney.

"May 17, 1888, 9 o'clock A. M.— Plaintiffs by attorney in court ; defendants come not but make default ; default of defendants taken ; after waiting one hour, and defendants still failing to appear, plaintiff demands trial ; trial proceeds, note sued on offered in evidence, and the court being duly advised in the premises, finds there is due the plaintiff from the defendants or either of them the sum of $115.15 on said note as found due.   It is therefore considered by the court that plaintiff recover from said defendants or either of them the sum of $115.15 debt, and costs of suit taxed at $6.          O. M. ENLOW, *County Judge*."

Two questions are presented by the record : First, Had the bank legal capacity to sue ? and second, as to the authority of the county judge to issue a summons to be served on some of the defendants in another county.   Section 24 of the Code provides that any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed 'to itself, or be known by, and it shall not be necessary in such case to set forth in the process or pleading, or to prove at the trial, the names of the persons composing such company.

If the People's Bank is a partnership, it should be alleged that it was formed for the purpose of carrying on business in this state, etc., and if a corporation its corporate character should be pleaded.

In either case, if on the trial the want of legal capacity to sue appear, the plaintiff will fail in the action.

No copy of the note is set out in the record and none of the evidence is before us, so that we are unable to determine whether or not the note was given to the bank.   If it was so given by that name the makers cannot deny the legal existence of the bank. (*Platte Valley Bank v. Harding*, 1 Neb., 461 ; *Missouri Valley Land Company v. Bushnell*, 11 Id., 192.) The record shows that the note sued on was introduced in evidence.   In the absence of proof it will be presumed that this note was given to the bank by the plaintiffs in error, and that therefore they are estopped to deny its right to sue thereon.   All presumptions are in favor of the judgment, and error must affirmatively appear to warrant this court in reversing the judgment.

Section 23, chapter 20, of the Compiled Statutes of 1887 provides that "all writs and other process, except subpœnas, may be executed and served, as the case may require, in any county in the state; and if it be a county other

than that of the residence of the probate judge, the same shall be directed to the sheriff of such other county."

This provision is general and applies to all writs, at least where there is a joint or joint and several obligation which is the subject of the action, and it is desired to bring all the parties before the court. Aside from this special provision it is probable that any court in which an action may be brought upon a joint or joint and several obligation may issue process to other counties in the state to bring in all the parties in the action. This is the rule in the district court, and it is the policy of the law to have all parties in interest before the court so that the judgment may be final.

Section 1085 of the Code provides that "the provisions of this Code, which are in their nature applicable, and in respect to which no special provision is made by statute, shall apply to proceedings before justices of the peace." The same reasons which apply in the district court in favor of joining all persons as defendants who are legally liable on the instrument have like force when the action is brought before a justice of the peace, and there is no doubt that they may issue summons to be served on one or more defendants in a county other than that where the action is brought, in cases like that under consideration. In any view of the case, therefore, the judgment is right and it is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.