ROBERT HANNA v. EMERSON, TALCOTT & COMPANY.

FILED SEPTEMBER 17, 1895. No. 6241.

1. **Partnership:** ACTION AGAINST INDIVIDUAL MEMBERS: SUMMONS. This suit is not against a partnership, but against the individual members thereof, since the summons runs against the defendants individually, their firm relation being stated in the petition and summons as *descriptio personæ.*

2. ———: ———: ———: SERVICE. Service of summons in an action against the individual members of a partnership or firm is not governed by sections 24 and 25 of the Code, but by section 69, which authorizes service to be made either by delivering a copy of the writ to the defendant personally, or by leaving one at his usual place of residence.

3. **Action on Account:** VENUE: SUMMONS. An action on an account against two or more persons may be brought in the county in which any one of the defendants at the time resides or may be summoned. If such an action is not instituted in a county where a party defendant resides it must be begun in the county where the defendant then is, and summons must be served upon him while in such county.

4. **Transitory Actions:** SUMMONS. Where a transitory action is properly brought in one county under the provisions of section 65 of the Code, summons may be issued to any other county of the state to bring in other parties defendant.

5. **Summons:** SERVICE. Service of process in a personal action in a county brought upon a nominal defendant merely, who has no actual or substantial interest in the subject of the litigation adverse to the plaintiff, will confer no authority upon the court to bring in another party by the issuing of a summons to, and by the service of the same upon such person in another county.

6. **Alias Summons.** To entitle a party to the issuance of an alias

summons it is not essential that he should refile the petition in the case, or file a new one.

7. **Limitation of Actions:** PLEADING.    When it is not apparent from the face of the petition that the action is barred, the statute of limitations as a defense must be taken advantage of by answer.

8. **Summons:** SERVICE.    The third point in the syllabus in *Morrissey v. Schindler*, 18 Neb., 672, *held* to have been overruled by implication by *Herron v. Cole*, 25 Neb., 692, and subsequent decisions.

ERROR from the district court of Douglas county.    Tried below before FERGUSON, J.

*E. T. Farnsworth*, for plaintiff in error, cited: *Mayberry v. Willoughby*, 5 Neb., 368; *Hackley v. Patrick*, 3 Johns. [N. Y.], 537; *Hurley v. Estes*, 6 Neb., 386; *Allen v. Miller*, 11 O. St., 374; *Cobbey v. Wright*, 29 Neb., 274; *Dunn v. Haines*, 17 Neb., 560; *Hower v. Aultman*, 27 Neb., 251; *State v. School District*, 30 Neb., 520; *State v. King*, 34 Neb., 196; *Wanzer v. Bright*, 52 Ill., 35; *In re Robinson*, 29 Neb., 137; *Franklin v. Morris*, 26 Atl. Rep. [Pa.], 364.

*J. J. O'Connor*, contra.

NORVAL, C. J.

This suit was brought in the court below by the defendants in error against the plaintiff in error, Robert Hanna, and one J. M. Sugar, members comprising the firm of Hanna & Sugar, to recover the balance due upon an account for goods sold and delivered.    Summons was issued on January 14, 1891, directed to the sheriff of Douglas county, which was duly served on the same day upon Sugar, but the writ was returned "not found" as to the defendant Hanna.    On December 23, 1891, an alias summons was issued to Dawson county upon the defendant Hanna, which was served by delivering to him personally a certified copy thereof with all the indorsements thereon.    Sugar made

default, while Hanna made only a special appearance in the cause, and filed a motion to quash the summons for various reasons, which will not be here stated. This motion the court overruled, and judgment was entered in favor of the plaintiffs and against both Hanna and Sugar in the sum of $1,283.80 and costs. Hanna brings the cause to this court by a proceeding in error to review the decision of the court below on the motion to quash. In noticing the objections to the summons we shall not attempt to follow the order given in the motion.

It is urged that there is no authority to issue a summons to a county other than the one where the action is brought in causes like the one at bar. This suit is not against the firm of Hanna & Sugar, but against the defendants individually, who at the time of the contracting of the indebtedness were members of such firm, their partnership relation being stated in the petition and process merely as *descriptio personæ.* Service of summons is not controlled by sections 24 and 25 of the Code. (*King v. Bell,* 13 Neb., 409; *Herron v. Cole,* 25 Neb., 692; *Rowland v. Shephard,* 27 Neb., 494; *Roggenkamp v. Hargreaves,* 39 Neb., 540.) Upon the point under discussion the above cases are in direct conflict with the holding in *Morrissey v. Schindler,* 18 Neb., 672, which last case must be regarded as overruled by implication by the later cases above mentioned. This action not being *in rem,* but *in personam,* therefore, under section 60 of the Code, may be brought in any county in which one of the defendants resides or may be summoned. (*Pearson v. Kansas Mfg. Co.,* 14 Neb., 211; *Cobbey v. Wright,* 29 Neb., 274; *Bair v. People's Bank,* 27 Neb., 577.) Where a transitory action is brought in a county where one or more of the defendants is properly served, then, under the provisions of section 65 of the Code, summons may be issued to any other county of the state to bring in other defendants. (Cases *supra.*) Sugar, who was served in Douglas county, it is said, is a mere nominal defendant,

made a party solely for the purpose of obtaining jurisdiction over Hanna by summons sent to Dawson county. If it were true that Sugar is only a nominal defendant, without any actual or substantial interest in the subject of the litigation adverse to the plaintiff, we grant service of summons upon him would confer no authority upon the court to bring in Hanna by serving him with summons in Dawson county. In other words, if Sugar was released by the plaintiff below from any and all liability on account of the indebtedness which is the basis of the present cause of action, as is insisted by the plaintiff in error, then Sugar was a nominal party merely, and was not a necessary or proper defendant. (*Dunn v. Haines*, 17 Neb., 560.) While there is some evidence in the record tending to sustain this contention of plaintiff in error, yet a reversal cannot be predicated thereon, since the question whether Sugar had been released, and the effect thereof on the case as to Hanna, was not raised in the trial court by the motion to quash, unless presented by the fifth ground of the motion, which is as follows: "That there was collusion and fraud between defendant Sugar and the plaintiff herein for the purpose of bringing this action into this court, as will appear more fully hereafter." The foregoing was insufficient to challenge the court's attention to the point that service was had in Douglas county upon a nominal defendant alone. The paragraph pleads no fact, but is the statement of a conclusion of law merely; hence we will not review the evidence introduced on the hearing of the respective parties tending to support and refute the claim made in the brief that the action was brought and the service of summons was obtained upon Sugar in Douglas county through fraud and collusion between Sugar and plaintiffs.

Another ground urged for quashing the summons is that neither of the defendants reside in Douglas county. So far as jurisdiction was concerned, it was wholly immaterial where the defendants or either of them resided, or

whether they were residents of the county where the suit was instituted or not, provided either one of the defendants was within Douglas county at the time the suit was instituted. Sugar being at the time in said county, the action was properly brought therein. (*Coffman v. Brandhoeffer*, 33 Neb., 279.)

The point is also raised that the petition was filed in the court below a long time before the issuance and service of summons and while the defendant Hanna was absent from Douglas county. The record so discloses, but this fact is no ground for quashing the summons. Sugar being within Douglas county when the petition was filed and the summons which was served upon him was issued, the district court acquired jurisdiction of the action. The first summons having been returned not found as to Hanna, in accordance with the provisions of section 67 of the Code an alias writ was issued. The fact that it was issued nearly a year after the filing of the petition is of no consequence. Obviously this is so. The legislature never contemplated that a new petition shall be filed, or the original one refiled, at the time of the suing out of an alias summons. (*Davis v. Ballard*, 38 Neb., 830.)

Another ground stated in the motion to quash is that the summons was served upon the defendant Hanna by leaving a copy of the same at his usual place of residence, and not by delivering the same personally to him. There is no merit in this objection, for two reasons: First, it is not true that the writ was served by leaving a copy at the residence of the defendant. On the contrary, the return made by the officer upon the writ shows—and it is undisputed by any other portion of the record—that the summons was served by delivering to Hanna personally a copy of the same, including all of the indorsements thereon. In the second place, it is wholly immaterial whether the service was by delivering a copy of the writ to the defendant or by leaving the same at his usual place of abode. Service in either mode would be good. (Code, sec. 69.)

The objection that the summons notified the plaintiff in error that he had been sued in Dawson county is untenable.    The venue of the writ is laid in Douglas county. It purports on its face to have been issued out of the district court of said county, recites the fact that the defendant has been sued in said district court by Emerson, Talcott & Co., and notifies him when he is required to answer. The summons is in due form, and in every respect meets the requirements of the statute.

Another proposition discussed in the briefs, and which is one of the grounds in the motion to quash, is that the petition does not state a cause of action against Hanna.    In other words, that the statute of limitations has run against the claim as to said defendant.    The action being upon an account, under the statute it became barred at the expiration of four years from the accruing of the cause of action. The question of the bar of the statute is not raised in this case by answer, but it is insisted that the petition on its face discloses that the cause of action arose at such a period of time that under the statute no action can be maintained. It is well settled in this state that when it is not apparent from the petition that the debt is barred, the statute of limitations must be taken advantage of by answer.    It was not so raised in this case.    Does the petition show that the action is barred?    We do not think so.    It is therein averred: "Said defendants are justly indebted to said plaintiffs in the sum of $891.53 for a balance for goods sold and delivered to said defendants during the year 1887, and interest thereon from September 1, 1887, at eight per cent.    An itemized statement is hereto attached and made a part of this petition."    The itemized account or statement above referred to is not copied into the transcript.    The allegation quoted is the only reference made in the petition to the matter, and it does not state the specific dates or times when the goods were delivered or when they were to have been paid for.    If any portion of them were received

after December 23 of that year the indebtedness matured after that date, and such may have been the case. So far as the petition discloses, then, the statute of limitations had not run, at least against the entire claim. The petition failing to show when the right of action accrued, it does not disclose that the statute of limitations had barred the action. The judgment is

AFFIRMED.