LYDIA S. MILLER ET AL. V. N. H. MEEKER.

FILED APRIL 8, 1898.   No. 7908.

1. **Justice of the Peace: SUMMONS TO ANOTHER COUNTY.** When an action is properly brought before a justice of the peace of one county summons may issue to any other county to bring in other parties defendant.

2. ——: ——. In a personal action service of summons in a county where a suit is brought upon a nominal defendant merely, who has no substantial interest in the subject of the suit adverse to the plaintiff, does not confer authority upon the court to issue a summons to another county for a real defendant.

3. ——: JURISDICTION. The jurisdiction of a justice's court is inferior and limited, and to support a judgment of that court the record must affirmatively show jurisdiction over the person of the defendant.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.  *Reversed.*

*A. D. McCandless* and *G. M. Spurlock*, for plaintiffs in error.

*George W. Clark* and *D. K. Barr*, contra.

NORVAL, J.

This suit was instituted before a justice of the peace of Cass county by N. H. Meeker against P. A. Fisher,

Lydia S. Miller, and William Fisher for the recovery of
money. Service of summons was made upon P. A. Fisher
in that county, and upon the other two defendants in
Gage county. Lydia S. Miller and William Fisher made
special appearance before the justice, and objected to the
jurisdiction of the court over their persons, which motion
was overruled, and thereupon judgment was entered
against all the defendants for $150 and costs. Lydia S.
Miller and William Fisher alone prosecuted a petition
in error to the district court, where the judgment of the
justice was affirmed, and they have brought the record to
this court for review by proceeding in error.

The first question presented is whether, under the leg-
islation in this state, a justice of the peace has authority
to issue a summons to any county in the state. The
solution of this question requires an examination and
construction of certain sections of the Code of Civil Pro-
cedure. Section 904 declares that "the jurisdiction of
justices of the peace in civil cases shall, unless otherwise
directed by law, be limited to the county wherein they
may have been elected, and where they shall reside."
The foregoing limits the territorial jurisdiction of jus-
tices of the peace to their respective counties in all cases
where the legislature has not in express terms, or im-
pliedly, otherwise ordered. Such justice must perform
his acts within the territorial boundaries of his county,
and it must be conceded that the section quoted confers
no authority upon such an officer to issue process to a
county other than that in which he was elected or ap-
pointed. Has such power been given by any other statu-
tory provisions? Section 65 of said Code provides:
"Where the action is rightly brought in any county, ac-
cording to the provision of title four, a summons shall be
issued to any other county, against any one or more of
defendants, at plaintiff's request." Section 1085 declares
that "the provisions of this Code, which are in their
nature applicable, and in respect to which no special pro-
vision is made by statute, shall apply to proceedings be-

fore justices of the peace." This last section, of itself, may be insufficient to make said section 65 applicable to actions instituted before justices of the peace, but the provisions of said section 1085, when construed in connection with the fact that the justice act is a part of the Code of Civil Procedure, adopted therewith, and such act contains no special provision relating to the county to which a justice's summons shall be issued, except as contained in section 910 of the Code of Civil Procedure, which declares that the same shall "be directed to the constable or sheriff of the proper county," there is plausible ground for holding that when an action is properly brought in a justice's court of the county where one of the defendants resides or may be served with process, summons may lawfully issue to a county other than that in which suit is brought for other defendant or defendants. This construction has been given the statute by the bench and bar for years, and is supported by a *dictum* of this court in *Bair v. People's Bank*, 27 Neb. 577. It is doubtful whether the court as now constituted would adopt this construction were it not for the fact that the case referred to has been so long acquiesced in as to now become a rule of property, and which, if changed, should be by the legislature and not by the courts.

It is urged that the justice of the peace did not acquire jurisdiction over the persons of Lydia S. Miller and William Fisher, for the reason P. A. Fisher, the defendant upon whom process was served in Cass county, had no substantial interest in the subject of the suit adverse to the plaintiff below. Under the statute of this state, an action like the one at bar must be instituted in the county in which the defendant or some one of the defendants resides, or may be summoned. (Code of Civil Procedure, sec. 60.) And section 65, quoted above, authorizes, where an action is properly brought in one county, the issuing of summons to any other county in the state. The word "defendant," as used in said section 60, does not mean a nominal defendant merely, but one who has a substantial

interest in the subject of the suit adverse to the plaintiff. (*Dunn v. Haines*, 17 Neb. 560; *Cobbey v. Wright*, 23 Neb. 250, 29 Neb. 274; *Hanna v. Emerson*, 45 Neb. 708.)   It is obvious if a suit is not rightly planted in the county whence the summons issued, there is no authority for bringing a defendant from another county by a summons directed to, and served in, that county.   In this state the jurisdiction of a justice of the peace is inferior and limited, and to sustain a judgment of his court the record must affirmatively show that jurisdiction over the person of the defendant was obtained. (*Robbins v. Clemmons*, 41 O. St. 285.)   In the light of the principles stated above it is plain the justice in the case before us acquired no jurisdiction over Lydia S. Miller and William Fisher, and that the judgment rendered against them is void, since they were served with process in Gage county, made no general appearance in the cause, and their co-defendant, P. A. Fisher, was a mere nominal party, having no real interest in the controversy adverse to the plaintiff.   The bill of particulars states no cause of action against him. It merely avers that the contract sued upon was made by him as agent for the other defendants, without alleging a single fact from which an inference could even be drawn that P. A. Fisher was personally liable upon the contract which it is alleged he entered into for and on behalf of his co-defendants.   The record discloses that the suit was improperly brought in Cass county, and there was no right to serve the defendants in another county.

It is argued by counsel for plaintiff below that all the defendants made a general appearance before the justice. This contention is not borne out by the record, at least so far as Lydia S. Miller and William Fisher are concerned. The jurisdiction of the justice over their persons was sufficiently challenged by the special appearance which they made; but whether this is true or not is of no importance, because the want of jurisdiction appeared on the face of the record, and was available to them at any time.   The

judgment of the district court is reversed and the cause remanded with directions to reverse the judgment of the justice of the peace as to Lydia S. Miller and William Fisher and to dismiss the action as to them.

REVERSED AND REMANDED.