HENRY HOBSON, SHERIFF, v. J. A. CUMMINS.

FILED FEBRUARY 9, 1899.   No. 8673.

57 611
f59 332

1. **Summons:** ISSUANCE TO OTHER COUNTIES. Where a personal action is properly brought in one county and service of summons is had therein upon a real defendant, summons may be issued to any other county of the state to bring in other parties defendant.

2. ————: To WHOM DIRECTED. A summons issued by a county court for a defendant residing in a county other than the one in which the suit is brought is properly directed to the sheriff or any constable of such county.

3. ————: CONTENTS. A summons issued by a county court is not rendered void because it does not contain the names of all the persons made defendants.

4. **Pleading:** STATUTE OF LIMITATIONS. The statute of limitations as a defense is waived, unless raised either by demurrer or answer.

ERROR from the district court of Dawson county. Tried below before SINCLAIR, J. *Reversed.*

*Ricketts & Wilson* and *E. A. Cook,* for plaintiff in error.

References: *Bair v. People's Bank,* 27 Neb. 577; Van Fleet, Collateral Attack secs. 369, 436, 437, 439, and citations; Maxwell, Code Pleading, 91; *Barnes v. McMurtry,* 29 Neb. 178; *Hanna v. Emerson,* 45 Neb. 708; *Scroggin v. National Lumber Co.,* 41 Neb. 196; *Langley v. Ashe,* 38 Neb. 53; *Winters v. Means,* 25 Neb. 142; *Chicago, B. & Q. R. Co. v. Manning,* 23 Neb. 552; *Gould v. Loughran,* 19 Neb. 392; *North Pacific Cycle Co. v. Thomas,* 38 Pac. Rep. [Ore.] 307; *Fickes v. Vick,* 50 Neb. 401.

*George C. Gillan, contra.*

References: *Walker v. Stevens,* 52 Neb. 653; *Dailey v. Kinsler,* 35 Neb. 836; *Cobbey v. Wright,* 29 Neb. 274; *Dunn v. Haines,* 17 Neb. 560; *Pearson v. Kansas Mfg. Co.,* 14 Neb. 211; *Cobbey v. Wright,* 23 Neb. 250; *Allen v. Miller,* 11 O. St. 374; *Hurlburt v. Palmer,* 39 Neb. 175; *Rogers v. Green,* 33 Tex. 661; *Lyman v. Milton,* 44 Cal. 630; 24 Am. & Eng. Ency. Law 510, 511; *Kellar v. Stanley,* 86 Ky. 240; *Burleson v. Henderson,* 4 Tex. 49; *Portwood v. Wilburn,* 33 Tex. 713; *Graves v. Drane,* 66 Tex. 658; *Reynolds v. May,* 4 Greene [Ia.] 283; *Lewis v. Grace,* 44 Ala. 307; *Burgett v. Williford,* 56 Ark. 187; *Smith v. Morris,* 29 Ga. 339; *Bank of Havana v. Magee,* 20 N. Y. 355; *Bentley v. Smith,* 3 Cai. [N. Y.] 170; *Scott v. Soans,* 3 East [Eng.] 111; *Clay v. Oxford,* 4 H. & C. [Eng.] 690; *Letherbarrow v. Ward,* 5 Jur. [Eng.] 388.

NORVAL, J.:

This suit was instituted by J. A. Cummins against Henry Hobson, as sheriff of Dawson county, to enjoin the enforcement of an execution issued upon a judgment obtained in the county court of Red Willow county by the McCormick Harvesting Machine Company against

said Cummins and one Tom Hayden. A general demurrer to the petition was overruled, and the plaintiff electing to stand on his demurrer, a decree was entered perpetually enjoining said execution and judgment. The sheriff prosecutes error.

In the action in which the judgment sought to be enjoined was rendered Hayden was served with·process in Red Willow county, and summons was issued to, and was served upon, Cummins in Dawson county. Neither defendant appeared in the action. It is now argued that the county court of Red Willow did not acquire jurisdiction over the person. of Cummins, for the reason that Hayden was a nominal defendant merely, and the service of summons upon him in the county in which the writ issued conferred no power· to summon the other defendant in another county. The doctrine announced by this court in numerous cases, and which is invoked herein, is that in a personal action the service of a summons in a county where suit is brought, on a nominal defendant merely, does not confer authority to issue summons to another county for a real defendant. (*Dunn v. Haines,* 17 Neb. 560; *Cobbey r. Wright,* 23 Neb. 250; *Hanna v. Emerson,* 45 Neb. 708.) The rule stated might have been urged in the county court of Red Willow county before the judgment against Cummins was rendered, and if it had been then shown that his co-defendant, Hayden, had no substantial interest in the subject of the suit, but was merely a nominal party to the proceeding, no judgment could have been obtained against Cummins. The note which was the basis of that action was payable to C. H. & L. J. McCormick, and indorsed by Tom Hayden. The latter was therefore apparently a· proper party defendant, and the service of·process upon him in Red Willow county authorized the issuance of a summons to Dawson county for Cummins. (*Belcher r. Palmer,* 35 Neb. 449; *Hanna v. Emerson,* 45 Neb. 708; *Miller v. Meeker,* 54 Neb. 452; *Barry r. Wachowsky,* 57 Neb. 534.) If there was collusion or fraud between the execution and judgment

plaintiff and Hayden, that was a matter which should have been made an issue in the county court of Red Willow county before the entry of the judgment. The question is not now available. (Van Fleet, Collateral Attack secs. 369, 436, 437.) That court had jurisdiction of the subject-matter, and one of the parties having been summoned within the county in which the suit was brought, that court had the power to issue a summons for the other defendant to any county within the state. (Code of Civil Procedure, sec. 65; *Bair v. People's Bank*, 27 Neb. 577.)

It is insisted that the summons served upon Cummins in the action in the county court was void because the writ did not contain the names of both defendants, and was directed to "sheriff or any constable of Dawson county, Nebraska." Section 21, chapter 20, Compiled Statutes, provides that all process in civil actions in the county court shall be directed to the sheriff or any constable of the county. Section 910 of the Code of Civil Procedure, relating to summons in actions before justices of the peace,—and the suit in which the judgment was rendered against Cummins was within the jurisdiction of a justice's court,—requires such writs to be "directed to the constable or sheriff of the proper county (except in case a person be deputed to serve it, in which case it shall be directed to such person)." Section 65 of the same Code declares: "Where the action is rightly brought in any county, according to the provisions of title four, a summons shall be issued to any other county, against any one or more of the defendants, at plaintiff's request." It has been held that the section last above quoted is applicable to actions brought in the county court. (*Bair v. People's Bank*, 27 Neb. 577; *Miller v. Meeker*, 54 Neb. 452.) It is too plain to admit of argument that, when a process is issued by a county judge for a defendant in his own county, the same should be directed to the sheriff or any constable of the county to which the writ is issued. We find no provision in the

statute, and none has been cited by counsel for plaintiff below, which requires in an action brought in the county court, where summonses are issued to different counties, each must contain the names of all the defendants, and in the absence of such a provision we do not feel warranted in holding that the summons served on Cummins is void because it did not mention the names of all parties defendant.

It is contended that the action brought against Cummins was barred by the statute of limitations. The defense of the statute was neither interposed by demurrer nor answer, and therefore is waived. (*Atchison & N. R. Co. v. Miller*, 16 Neb. 661; *Alexander v. Meyers*, 33 Neb. 773; *Scroggin v. National Lumber Co.*, 41 Neb. 195.) The petition in the case at bar did not aver sufficient facts to justify enjoining the collection of the judgment of the county court, and the demurrer should have been sustained. The decree is accordingly

REVERSED.