ADAIR COUNTY BANK v. A. C. FORREY ET AL.

FILED NOVEMBER 11, 1905. No. 13,983.

1. **Process: NONRESIDENTS.** The provisions of section 65 of the code: "Where the action is rightly brought in any county, according to the provisions of title four, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request"—apply to nonresidents of the state who may be found in any other county to which the summons may be issued.

2. ——: JURISDICTION. Where an action is rightly brought in any county, a summons may be issued to any other county against one or more defendants. A nonresident of the state who may be found therein is as liable to service as a resident, and the court of the county in which the action was brought thereby acquires jurisdiction.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*McGilton, Gaines & Storey,* for plaintiff in error.

*B. F. Thomas, R. W. Turner* and *C. E. Herring, contra.*

LETTON, C.

This action was brought by the Adair County Bank, as plaintiff, against A. C. Forrey, C. C. Croffoot and D. J. Fogarty in the county court of Douglas county, Nebraska, upon a promissory note made by Forrey and Croffoot, payable to Fogarty, or bearer, for $225, payable one year after date. Before maturity, Fogarty sold and indorsed the note to the Adair County Bank, and verbally waived demand, notice and protest. At the time the petition was filed, a summons was issued, directed to the sheriff of Douglas county, and was served personally upon Fogarty in that county. Fogarty was a resident of the state of Iowa, but was then present in Douglas county. On the same day, another summons was issued for the defendants Forrey and Croffoot, directed to the sheriff of Nuckolls county, Nebraska. Forrey and Croffoot resided in the state of Kansas, near the city of Superior, Nebraska. No service was had upon this summons, and the same was returned. The case was continued from time to time for service. On December 6, 1901, an alias summons was issued, directed to the sheriff of Nuckolls county, and was personally served upon the defendant Croffoot in that county on January 4, 1902. Croffoot entered a special appearance in the county court of Douglas county, and objected to the jurisdiction of the court, which was over-

ruled.  Pleadings were afterwards made up, the cause tried upon its merits, and judgment of dismissal rendered. From this judgment an appeal was taken to the district court for Douglas county.  The defendant Croffoot, in his answer, preserved his objections to the jurisdiction of the court, and alleged, in substance, that he was a resident of the state of Kansas, and that he had been fraudulently induced to come into the state of Nebraska by the plaintiff for the purpose of being served with summons therein; that his codefendant, Fogarty, was a nonresident of the state of Nebraska, and that, by reason thereof the court had no jurisdiction to issue an alias summons to any other county; that, by service of the summons on defendant in Nuckolls county, the county court of Douglas county did not acquire jurisdiction over him.  He also pleaded a general denial to the allegations of the petition.  A jury was impaneled, and, after the evidence was introduced and the parties rested, Croffoot moved to dismiss the action as to him, upon the ground that the court had no jurisdiction over his person or the subject of the action, and that the county court of Douglas county was without jurisdiction to issue a summons against him.  The motion was sustained, and the action dismissed as to Croffoot; judgment by default was rendered against Fogarty.  A motion for a new trial was filed by the plaintiff as to the dismissal of the case as to Croffoot, which was overruled, and from which order and judgment the plaintiff prosecutes error.

The principal grounds relied upon by the defendant to establish the want of jurisdiction are: First, that he was a nonresident of this state, and was induced by fraud to come into the state for the purpose of service of summons upon him; second, that since Fogarty was a nonresident of this state, he could not be properly sued in Douglas county so as to confer jurisdiction upon the court to issue an alias summons to Nuckolls county for service upon Croffoot in that county.

Sections 51 to 60, inclusive, title IV of the code, pro-

vide for the venue of actions. Section 59 applies to transi-
tory actions such as this. Omitting part, this section pro-
vides: "An action * * * against a nonresident of this
state * * * may be brought in any county in which
there may be property of, or debts owing to, said defendant,
or where said defendant may be found." Under section
59, therefore, since Fogarty was found in Douglas county,
though a nonresident of the state, the action was properly
brought in that county, and the only question is as to
whether a summons might properly be issued to any other
county for the purpose of reaching his codefendants. Sec-
tion 65, title V of the code, provides: "Where the action
is rightly brought in any county, according to the pro-
visions of title four, a summons shall be issued to any
other county, against any one or more of the defendants,
at the plaintiff's request." The provisions of this section
have frequently been before this court for consideration,
and we have uniformly held that, if the defendant served
in the county in which the action was brought was a *bona
fide* defendant, whose interest was adverse to the plaintiff
in the action, the venue was properly laid, and a summons
might be issued to another county for other persons jointly
liable. *Barry v. Wachosky,* 57 Neb. 534; *Hobson v. Cum-
mins,* 57 Neb. 611; *McCormick Harvesting Machine Co. v.
Cummins,* 59 Neb. 330; *Seiver v. Union P. R. Co.,* 68
Neb. 91.

We understand it to be conceded by the defendant in
error that, if Fogarty had properly been served in Douglas
county, a summons served upon Croffoot in Nuckolls
county would give the court jurisdiction over his person
if he were a resident of Nuckolls county; but it is argued
that, since section 59 of the code provides that actions
against a nonresident of this state may be brought in any
county where said defendant may be found, the word
"may" means "must," or "shall," and that therefore, an
action against Croffoot *must* be brought in Nuckolls
county, the county in which he was found, and that the
county court of Douglas county never acquired jurisdiction

over him. This argument, however, entirely disregards the provisions of section 65 of the code. Even if we construe the word "may" in section 59 to mean "must," how does the case stand? The defendant Fogarty must be sued in Douglas county, since that is the county in which he was found, and, since the action was rightly brought against him, a summons may issue under the provisions of section 65 to any other county. But it is argued that, even if the action against Fogarty was properly brought in Douglas county, if it is sought to reach Croffoot, another action must be brought in Nuckolls county. Under section 59, title IV, relating to venue, the proper venue of the action was in Douglas county. The provisions of title V do not apply to venue, but provide for the manner in which actions may be commenced, and section 65 provides for the place where summons may be served when an action has been rightly brought under the provisions of title IV. It is an imperative rule of construction that effect be given, if possible, to every portion of a statute. To adopt one construction would eliminate section 65 entirely, while the other construction gives effect to both sections. Further than this, the construction contended for by defendant in error would necessitate a multiplicity of actions in a case where nonresident defendants were numerous, if service might be had upon them in different counties within this state, whereas, by the other construction, one action only would be required, though they might be summoned in different counties. These sections must be construed together, and, where an action has rightly been brought in one county, a summons may be issued to any other county in the state, and served upon any person personally present therein, whether resident or nonresident. If a person is personally present within the confines of the state, it makes no difference whether he is a resident or nonresident, so far as his liability to personal service of summons upon him is concerned. A nonresident has no greater privilege in that regard than a resident of the state. We are of the opinion that jurisdiction was

obtained over Croffoot by service of the summons in Nuckolls county.

As to the objection to the jurisdiction that defendant was fraudulently induced to come within the county of Nuckolls in this state for the purpose of service being made upon him, under the rule laid down in *Hurlburt v. Palmer,* 39 Neb. 158, this defense, as made, was for the jury to pass upon and not for the court. Further, it is asserted by the plaintiff in error that the district court sustained the motion to dismiss for want of jurisdiction upon the ground alone that a nonresident must be sued in the county where he is found, and the record, while ambiguous, seems to bear this out.

A large part of the brief of defendant in error has been devoted to the argument that Fogarty is not a defendant in good faith, and that his presence in Douglas county, so that summons might be served upon him, was collusive. But the answer does not raise this issue, the allegation therein being merely that "Fogarty is not a *bona fide* resident of Douglas county, nor was he such resident at the time of the commencement of the action herein, or at any time thereafter," etc. It is not contended by plaintiff in error that Fogarty ever was a resident of Douglas county, *bona fide* or otherwise. It is not charged in the answer that Fogarty's presence in Douglas county was by collusion with the plaintiff, and hence this contention is outside of the issues. Upon the whole record we think the case should have been submitted to the jury.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.