No. 21,684.

THOMAS L. BOND, as Executor, etc., *Appellee*, v. JAMES H. SHUTE et al. (THE FIDELITY & CASUALTY COMPANY OF NEW YORK, *Appellant*).

SYLLABUS BY THE COURT.

ADMINISTRATION OF ESTATE—*Bond for Payment of Debts—Validity of Bond—Res Adjudicata—Public Policy—Estoppel.* After an order to sell real estate for the payment of debts of an estate was issued, but before the sale, a person claiming to be interested in the estate gave bond to pay the debts, under section 4603 of the General Statutes of 1915, which the probate court approved, and the order was recalled. Action was brought against the surety on the bond for breach of its conditions. *Held*, the bond is not void because given after the order issued, the subject of the interest or lack of interest of the person tendering the bond has been adjudicated and cannot be relitigated, no public interest was affected by giving the bond, it was not void as against public policy, and the surety is estopped to assert invalidity of the bond.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 8, 1918. Affirmed.

G. A. Spencer, and *A. R. Buzick, jr.*, both of Salina, for the appellant.

*Z. C. Millikin*, of Salina, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a bond given to pay the debts of an estate and prevent a sale of real estate for that purpose. A demurrer to the petition was overruled, and the defendant appeals.

A. F. Shute died, leaving a will devising all his property to his widow, which was duly probated. The plaintiff is executor of the will. The estate was indebted to the amount of more than $40,000, and the value of the personal property was less than $500. An order for the sale of a section and a half of land to pay debts was duly issued by the probate court, and the sale was advertised to take place on February 10, 1917. On that day, but before the sale occurred, James H. Shute, claiming to be interested in the estate, procured the approval by the probate court of a bond to the plaintiff in the sum of $50,000, signed by the defendant, conditioned according to the statute. Thereupon the probate court ordered the land withdrawn from sale, which was done. The statute reads as follows:

"An order for the sale of the real estate shall not be granted if any of the persons interested in the estate shall give bond to the executor or administrator, in a sum and with sureties to be approved of by the court, with condition to pay all the debts mentioned in the petition that shall eventually be found due from the estate, with charges of administering the same, so far as the personal estate of the deceased shall be insufficient therefor." (Gen. Stat. 1915, § 4603.)

The debts of the estate were not paid, interest accrued in large sums, and the plaintiff brought suit to enforce the bond. The contentions of the defendant are that the bond is void, because not given before the order of sale was granted, and because James H. Shute was not, in fact, interested in the estate, and consequently was not authorized to interfere with the sale.

The first contention is unsound. The law regards substance, and the substance of the matter was the raising of funds to satisfy the debts of the estate. One method was by the sale of real estate. Incidental to the method were the granting of an order of sale by the probate court, and execution of the order. Another method was payment of debts, insured by bond, by some one interested in the estate. If the bond were given, the method by sale was superseded. Ordinarily, the subject comes up for consideration while the petition to sell is pending. But until the ultimate end in view—the creation of a fund to pay debts—has been accomplished by sale, the other course may be pursued. The precise question was considered in the case of *Davisson v. Burgess,* 31 Ohio St. 78, and was decided according to the general principle that a variance in the time of

Bond v. Casualty Co.

giving a bond from that prescribed by the statute, whether
before or after, is immaterial, unless the statute makes validity
depend on prescribed time.   (9 C. J. 25.)

In support of the second contention, it is said that public
policy forbids one having no interest in an estate to interfere
with the orderly course of its administration.   Consequently,
the right to give bond to prevent a sale of real estate is limited
to one having an interest.   The petition does not allege that
Shute did, in fact, have an interest in the estate, and in fact
he did not.   Furthermore, the surety on a bond to prevent a
sale is entitled to be subrogated, if necessary, to the interest
conserved by giving the bond.   This protection would fail if
one not interested were allowed to give the bond.   The con-
clusion is, the bond is utterly void.

For the purpose of the decision, all the premises may be
admitted.   The conclusion does not follow.

What happened when the bond was approved by the pro-
bate court?   The devisee, who had taken title subject to sale
for the payment of debts, became absolute owner, freed from
the contingency.   Creditors were deprived of the security
which the real estate afforded, and were relegated to the se-
curity afforded by the bond.   The executor was disabled
from the discharge of an important function, the course of
administration was interrupted and diverted, and the pro-
bate court was relieved of its statutory authority over real
estate as a source of funds for the payment of debts.   The ex-
ecutor, creditors, and others interested in the estate did not
appeal, and the consequences stated, which were necessarily
in contemplation when the bond was tendered, ensued.

How were the results just noticed brought about?   They
were brought about by the conduct of James H. Shute, and by
his surety, the defendant, which enabled him to succeed by
placing in his hand, for tender to the probate court and de-
livery to the executor, its executed bond.

The bond followed the statute literally.   Its tender was ad-
verse to the executor and the interests to be protected and pro-
moted by a sale of real estate.   No one was authorized to make
such tender except a person interested in the estate, and by
tendering the bond Shute and his surety represented to the
probate court that he was interested in the estate.   The re-

sult was that Shute and his surety brought on for consideration and determination by the probate court the question whether or not he was a person interested in the estate. If the bond were tendered by one having no right to do so, it was the duty of the court, having ascertained the fact, to withhold approval, and allow the sale to proceed. If the bond were tendered by one having the right to do so, it was the duty of the court, having ascertained the fact and found the security to be good, to approve the bond, and desist from further exercise of authority over real estate.

As before indicated, the ultimate question was: Should debts be paid by means of a sale? And granting an order of sale and recalling an unexecuted order of sale, stand on the same footing. Consequently, the question came up for consideration and decision precisely as if at the hearing on the petition to sell, with the executor urging his petition on one side, and Shute urging his bond on the other. The probate court possessed full jurisdiction to determine whether or not the land should be sold, and, as an incident, to determine the qualification of a person to prevent a sale by giving the statutory bond. In the case of *Dunham v. Marsh,* 52 N. J. Eq. 256, the statute provided that any person interested in the settlement of an administrator's account might appear and take exceptions to the account. The question was whether or not a person filing exceptions to an administrator's account was an interested person within the meaning of the statute. The court said:

"The orphans' court is invested with complete and general jurisdiction over the matters which are specially given it in charge by the statute (*Pyatt v. Pyatt,* 1 Dick. Ch. Rep. 285), among which is the accounting of executors and administrators. Its action upon an account, duly advertised, is binding upon all persons in interest, and therefore those persons should be heard before the account is allowed. It follows, as a necessary incident to the exercise of this jurisdiction, that the court shall possess the power to determine who the parties in interest are." (p. 261.)

The result is, the interest or want of interest of James H. Shute in the estate of A. F. Shute is not now of the slightest importance. The court having jurisdiction of the subject has rendered its decision adversely to the executor and a sale, and in favor of Shute and the bond. The public policy un-

derlying the statute was presumably given due consideration. The court may have misconceived the law, and may have misconceived the force of facts which should have controlled its judgment. If so, it erred, but the judgment was not void, and consequently is not subject to impeachment in this action. (*Randolph v. Simon,* 29 Kan. 406, 410, action on bond not to go beyond prison bounds; *Wolfley v. McPherson,* 61 Kan. 492, 496, 59 Pac. 1054, appeal from classification of a claim by the probate court; *Clevenger v. Figley,* 68 Kan. 699, 75 Pac. 1001, jurisdiction and erroneous exercise of jurisdiction.) Even although the probate court record disclosed the probated will giving all the property of the estate to the testator's widow, it was necessary for the court to interpret the statute, exercise its jurisdiction, and pronounce upon the potency of that fact to exclude Shute from all interest in the estate. (*Ayres v. Deering,* 76 Kan. 149, 90 Pac. 794.) It appears from the briefs that Shute was a son of the decedent, and was in possession of the land. If an interest in the estate were claimed on account of those facts, it was necessary for the probate court to determine their sufficiency to support the claim. Jurisdiction did not depend on whether it should sometime turn out that Shute did or did not have an interest, and an erroneous exercise of jurisdiction did not render the decision void. Not being void, it cannot be collaterally attacked.

While approval of the bond and recalling the order of sale included an adjudication with respect to the proponent's right to give bond, the result is the same if that fact be left out of consideration. Having tendered the bond to the probate court, and procured its approval under color of the statute, and having thereby produced the consequences detailed earlier in this opinion, Shute, and the defendant in privity with him, are estopped to deny validity of the bond. It does not lie in the mouth of one who has affirmed a right under a statute, and has thereby accomplished a design, to deny the right in order to escape the consequences of his conduct.

The defendant says, however, that public policy does not permit any one but a person interested in an estate to give the statutory bond, and that there is no estoppel to assert invalidity of a bond on the ground that it contravenes public

policy. The public may be interested, in a way, in the orderly administration of an estate, free from interruption by intruders. But the test of invalidity is tendency to be injurious to the public, and bonds to pay debts of an estate and prevent sales of real estate for that purpose are in furtherance of public policy. Because the tendency of such bonds is beneficial, the statute expressly authorizes them. The bond sued on was not immoral, or essentially evil, or illegal. It was simply unauthorized, and any bond duly approved and accepted to accomplish a purpose sanctioned, or apparently sanctioned, by the law, is not void as against public policy. No public interest was in fact touched by the giving of this bond. There was no statute expressly condemning it, there was nothing inherently vicious about it, it was not of a public nature, and only private interests were affected. To hold it invalid would impinge upon the public good, by encouraging fraud and destroying the obligation of contracts.

The defendant selects the individuals for whom it will become surety, and subrogation to an interest in the estate, supposedly protected by giving the bond, was a matter which the defendant ought to have investigated when it took Shute's money to insure the executor that the debts of the estate would be paid.

The judgment of the district court is affirmed.