## ROBERT KYD v. EXCHANGE BANK OF CORTLAND.

FILED NOVEMBER 3, 1898.    No. 8347.

1. Action Against Sheriff: VENUE.   A sheriff holding an execution against a bank levied the same on a cash tray.   He afterwards released the tray on payment to him of a sufficient amount to satisfy the execution, with an agreement on his part to refund the money if the bank should within a time fixed assure him that the judgment, on which the execution was issued, had been superseded.   The bank sued the sheriff for money had and received, relying on the agreement.   *Held,* That the action was one against a public officer for an act done by him in virtue of or under color of his office, and must be brought in the county where the cause of action or some part thereof arose.

2. ———: MONEY PAID ON EXECUTION: AGREEMENT TO REFUND.  The officer's liability in such case is wholly as such officer, and not under the contract.   If it were his official duty to return the money, the contract added nothing thereto.   If it were not his duty, the contract was illegal and void.

3. Jurisdiction: PLEADING.   A want of jurisdiction of the person of the defendant, not appearing from the summons, the return, or the petition, may be pleaded by answer.

4. **Actions Against Officers: Venue: Jurisdiction.** Whether the statute requiring suits against public officers for acts done under color of office to be brought in the county where the cause of action or some part thereof arose, relates to jurisdiction of the person of the defendant, or subject-matter of the action, *quære*.

5. ———: ———: ———: **Waiver: Pleading.** If in such case the defect be one of jurisdiction of the person, it is not waived by demurring to the original petition generally, if such demurrer is sustained for the reason stated in the order that the court is without jurisdiction, and where the plaintiff waives any error in that order by amending his petition.

Error from the district court of Lancaster county. Tried below before Hall, J. *Reversed.*

*C. C. Flansburg,* for plaintiff in error.

*George E. Hibner* and *Davis, Hibner & Whitmore, contra.*

Irvine, C.

This action arises largely out of the same state of facts as the *Royal Trust Co. v. Exchange Bank of Cortland,* 55 Neb. 663. The Royal Trust Company secured a judgment against the Exchange Bank in the county court of Lancaster county. An effort was made to vacate the judgment under section 1001 of the Code, but that effort failed for want of service of the conditional order. A transcript of the judgment was filed in Gage county, and an execution issued thereon was delivered to Kyd, who was then sheriff of Gage county. He proceeded to Cortland and levied the execution on the cash tray of the bank. Instant communications resulted between the bank and its attorneys in Lincoln. The attorneys took steps for the purpose of prosecuting error proceedings in the district court of Lancaster county, and superseding the judgment. Some arrangement was entered into whereby Kyd took or retained sufficient money to satisfy the judgment, and released the rest. The bank asserts that he merely retained that much under an agreement to refund it in case within a few days the bank could assure him that it had effected a supersedeas. Kyd asserts

that it was a voluntary satisfaction of the execution. An attempt was made to prosecute error proceedings, and the district court of Lancaster county reversed the judgment of the county court. From the order of reversal error was prosecuted to this court, where it was held that the reversal was erroneous and the error proceedings were dismissed. (*Royal Trust Co. v. Exchange Bank of Cortland, supra.*) This last step does not appear in the record, but all the facts leading to our judgment in the main case appear in this record, and would lead to the same conclusion if necessary to a decision. After the district court of Lancaster county reversed the county court judgment the Exchange Bank brought suit in the district court of Lancaster county against Kyd, the sureties on his official bond, and Mr. Flansburg, the attorney of the Royal Trust Company, to recover the money seized. To the petition Kyd filed a general demurrer. This demurrer was sustained for the reason, stated in the order, that the action was one within the second subdivision of section 54 of the Code of Civil Procedure, to-wit, that it was an action against a public officer for an act done by him in virtue of or under color of his office, and for that reason must be brought in the county where some part thereof arose. The original petition disclosed that fact, and also disclosed that all of Kyd's acts were performed in Gage county by virtue of or under color of the writ issued out of the district court of that county. After the demurrer was sustained the bank amended its petition. This time it proceeded against Kyd alone, and charged him for money had and received under a special contract. Kyd answered in several counts. One of them set up that the matters complained of arose from acts performed by Kyd by virtue of his office, and that the cause of action arose entirely in Gage county. The reply expressly admitted that the cause of action arose in Gage county, and, replying to other defenses, there were admissions which showed that the money had been delivered by the bank to Kyd as

sheriff, because of the execution. When the case came on for trial Kyd objected to the introduction of any evidence, for the reason that upon the pleadings plaintiff was entitled to judgment. In the motion for new trial it is alleged that the verdict is contrary to law. The point is specifically raised in the petition in error as to the jurisdiction of the court. We think it clear that the proceeding was one against a public officer for an act done in virtue or under color of his office. This did not appear from the amended petition, but the answer so pleads, and the reply admitting that the money had come into defendants hands as sheriff, and while he had an execution for the collection of that amount, and because thereof, that fact stood admitted as well as the further fact that the cause of action arose in Gage county.

The plaintiff claims that Kyd proceeded under color of his office only in making the levy, and that his subsequent receipt or retention of a specific sum of money under contract to refund it in a certain event was a personal agreement and not an official act. But all that he did towards the satisfaction of the execution was necessarily under color of his office, if not by virtue thereof. His contract to release or refund the money if the judgment should be duly superseded was a nullity. If his duty required him under such circumstances to repay the money, his promise created no additional liability. If his duty forbade him to do so, his contract was illegal and imposed no obligation. In either event the plaintiff must trace its right through the sheriff's official duty and not through the special contract.

But plaintiff asserts that Kyd, by demurring to the original petition, appeared generally, and cites in support of that contention *Kane v. Union P. R. Co.*, 5 Neb. 105. That case holds that the objection to the jurisdiction in a similar case is to the jurisdiction of the person of the defendant and not to the jurisdiction of the subject-matter, and that it is waived by general demurrer. Without considering whether that decision was sound in its prem-

ises it is not applicable to this case. There the demurrer was to the petition on which the case was tried, the demurrer was overruled, and the defendants answered. If the want of jurisdiction appeared on the face of the petition and the defendant demurred generally, perhaps that waived the defect under the state of pleadings in *Kane v. Union P. R. Co.* If so, the plaintiff in this case should have stood on its petition, because here the demurrer was to the original petition and the demurrer was sustained. Whether it was rightly or wrongly sustained the plaintiff waived the error by yielding to the order and amending. The amended petition did not disclose the want of jurisdiction. The defendant did not demur to that, but he answered; and this was the proper method of objecting to the jurisdiction, even of the person of the defendant, where the want of jurisdiction did not appear from the summons, or return, or the petition itself. (*Hurlburt v. Palmer*, 39 Neb. 158.) The defendant may not have chosen the proper method to raise the objection to the original petition, but the court held it to be proper and sustained his contention. The plaintiff yielded to the ruling and amended, and the defendant at the first practicable stage again raised the question. We cannot hold that the defense was waived by a successful, although perhaps erroneous, insistence thereon. The plaintiff itself waived the error. The district court of Lancaster county was without jurisdiction.

REVERSED AND REMANDED.