JOHN N. DRYDEN ET AL., APPELLEES, V. MARCUS L. PAR-
ROTTE ET AL., APPELLANTS.

FILED FEBRUARY 20, 1901. No. 11,403.

1. **Judicial Order: COLLATERAL ATTACK: JURISDICTIONAL INFIRMITY.** A
judicial order or judgment can not be attacked in a collateral
proceeding unless affected by some jurisdictional infirmity.

2. **Sufficiency of Petition: TEST OF JURISDICTION.** The sufficiency of
the petition is not a test of jurisdiction; although it may be
defective in substance it will support a judgment if the court
has authority to grant the relief demanded and the facts upon
which the demand is based are intelligibly set forth.

3. **Decree: LIEN: MOTION TO VACATE: LIMIT OF INQUIRY.** The correct-
ness of a decree giving a party a lien on property, can not be
inquired into on a motion to vacate a sale made in conformity
with such decree.

APPEAL from the district court for Buffalo county.
Heard below before SULLIVAN, J. *Affirmed.*

*Hamer & Hamer,* for appellants.

*Dryden & Main, contra.*

SULLIVAN, J.

This is an appeal from an order confirming a judicial
sale of real estate situate in Buffalo county. Appellants
contend that confirmation should have been refused be-
cause the sale was made in execution of a void judgment.
The facts are undisputed, and the rule of law applicable
to the facts is well understood. The action was com-
menced by Dryden and Main, who filed in the district
court a petition in which they alleged that on April 12,
1888, John Johnson recovered a judgment in this court
against Marcus L. Parrotte and Lewis W. Parrotte
amounting to about $1,200; that Johnson afterwards
brought a creditor's bill against the Parrottes and others,
and on June 29, 1894, obtained a decree establishing his
judgment as a first lien upon the land now in question;

that this decree was brought here for review on December 29, 1894, but was not superseded until January, 1895; that on September 15, 1894, Dryden and Main succeeded to the rights of Johnson as good-faith purchasers of his interest in the litigation. The petition then states that the decree of June 29, 1894, in favor of Johnson, was reversed by this court, and continues: "That the reversal of said judgment in nowise affected the rights of these plaintiffs acquired when said judgment was in full force and effect; but plaintiffs allege that such reversal would constitute a cloud upon the title of any one purchasing said land hereinbefore described when sold upon said judgment." The plaintiffs prayed that the judgment rendered in this court in favor of Johnson and against the Parrottes be adjudged to be a first lien upon the land described in the petition, and that they have such other relief as might be proper. The defendants were duly served with summons; they appeared in the action; issues were joined; a trial was had, and the court having found in favor of the plaintiffs, rendered a judgment giving them the relief for which they prayed. Upon this judgment no direct attack has ever been successfully made, and it can not, of course, be assailed collaterally unless it is affected by some jurisdictional infirmity. If it had appeared on the face of the petition that the judgment which was the basis of the plaintiffs' action was void, and had been so adjudged by this court, it would not follow that the decision of the district court enforcing such judgment would be a nullity. Whether the facts stated in the petition constituted a cause of action and entitled the plaintiffs to relief, was a judicial question which the trial court had authority to consider and decide; and it is a universal principle—an axiom of the law—that where a court has jurisdiction of both the subject-matter and the parties, power to decide implies authority to decide either way—to reach either a right or a wrong conclusion—and, in conformity therewith, to pronounce a judgment that will be conclusive upon the litigants and those

*Dryden v. Parrotte.*

in privity with them, unless reversed, vacated or modified in an appellate or other direct proceeding instituted for that purpose. The sufficiency of the petition is not a test of jurisdiction; although it may be defective in substance it will support a judgment if the court has authority to grant the relief demanded and the facts upon which the demand is based are intelligibly set forth. *Trumble v. Williams*, 18 Nebr., 144; *Taylor v. Coots*, 32 Nebr., 30; *North Pacific Cycle Co. v. Thomas*, 26 Ore., 381; *Head v. Daniels*, 38 Kan., 1; *Frankfurth v. Anderson*, 61 Wis., 107; *In re James Estate*, 99 Cal., 374; Van Fleet, Collateral Attack, sec. 61; 17 Am. & Eng. Ency. Law [2d ed.], 1069. But, as we understand the petition in this case, it was sufficient, not only to give the court jurisdiction, but to withstand a demurrer; it contained no averment that the original judgment in favor of Johnson had been authoritatively condemned. The allegation that the decree in the creditor's suit had been reversed, carries no such implication. The decree in favor of the plaintiffs certainly rests upon an adequate foundation and is exempt from collateral attack. The present attack is collateral; it does not assail the proceedings under the decree, but the decree itself; its object is to obtain a rehearing upon a point adjudicated at the trial. The conclusiveness of the decision giving plaintiffs a lien upon the property could not be inquired into on a motion to vacate the sale. *State Nat. Bank v. Scofield*, 9 Nebr., 499; *Stratton v. Reisdorph*, 35 Nebr., 314; *Beatrice Paper Co. v. Beloit Iron Works*, 46 Nebr., 900; *Hampton Lumber Co. v. Van Ness*, 54 Nebr., 185; *Hoover v. Hale*, 56 Nebr., 67.

The order of confirmation is

AFFIRMED.