STATE, EX REL. ARTHUR V. OFFILL, APPELLEE, V. F. M. HAL-
LOWELL ET AL., APPELLANTS.

FILED DECEMBER 7, 1906. No. 14,571.

Constitutional Law: ELECTIONS: POWER OF COURTS. Section 137 of the
"Australian ballot law" (Ann. St., sec. 5775) is not in conflict
with the constitution, and confers power upon county courts and
upon judges of the district and supreme courts at chambers to
summarily review the action of the officer with whom an
original certificate of nomination is filed, and to make such order
therein as the law requires.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. Reversed.

H. M. Sinclair, for appellants.

Edwin E. Squires, contra.

SEDGWICK, C. J.

Prior to the general election in 1905, the question was
raised before the county clerk of Buffalo county whether
one Wheelock was entitled to have his name placed upon
the official ballot of said county as a candidate for the
office of register of deeds to be voted for at the then ensu-
ing election. The decision of the county clerk was that
Mr. Wheelock's name should be put upon the ballot. Ap-
plication was then made to the county court of that county
for an order commanding the county clerk to not place
upon the official ballot the name of the said Wheelock as
candidate. Afterwards such proceedings were had in the
matter that a decree was had in the district court for that
county by which it was determined that the county court
had no jurisdiction or authority in the premises. The
object of these proceedings is to reverse that decree of the
district court.

The sole question presented in the brief and in the
oral argument is whether the law gives the county court

power to hear and determine the question so raised. The statute provides: "All certificates of nomination which are in apparent conformity with the provisions of this act shall be deemed to be valid unless objection thereto shall be duly made in writing within three days after the filing of the same. * * * The officer with whom the original certificate was filed, shall in the first instance pass upon the validity of such objection, and his decision shall be final, unless an order shall be made in the matter by a county court, or by a judge of the district court, or by justice of the supreme court at chambers on or before the Wednesday preceding the election. Such order may be made summarily upon application of any party interested, and upon such notice as the court or judge may require." Ann. St., sec. 5775. No brief was filed nor was any argument made at the bar in support of the decision of the district court. It was stated by counsel for the plaintiffs in error that the theory below was that the order referred to in the above quotation from the statute is a writ of mandamus obtained in regular proceedings for that purpose. Such could not have been the intention of the legislature, unless we suppose that the statute also confers upon county courts jurisdiction in mandamus proceedings, a jurisdiction which that court did not possess. The authority is given to a judge of the district court or a justice of the supreme court at chambers, and these judges do not have authority to issue peremptory writs of mandamus when a trial is necessary to determine the existence of facts upon which the right to the writ is based. From the nature of the case proceedings under this statute are summary in character; hence, the provision that "such order may be made summarily upon application of any party interested." There is no apparent reason for supposing that the statute, which in express terms names the court and the judicial officers who may make the order, and provides that it may be made summarily, is invalid, unless it should be found that the authority so given is administrative or ministerial, and

so could not be exercised by the judicial branch of the state government. That it is a judicial authority was expressly determined in *Porter v. Flick*, 60 Neb. 773. That case involved the right of a new political organization to use the party name which it had adopted. A judge of the district court, at chambers, made an order reversing the decision of the secretary of state, and upon petition in error to this court the order of the district judge was reversed. In the opinion of the court the statute is quoted, and its validity assumed. We think that the statute is valid, and confers power upon the county court and upon the judges of the district and supreme courts to summarily review the action of the officer with whom the original certificate of nomination is filed, and to make such order therein as the law requires.

The judgment of the district court is reversed and the cause remanded.

REVERSED.