WILLIAM HARRISON, APPELLANT, V. LUKE H. CHENEY ET AL., APPELLEES.

FILED MARCH 25, 1921.  No. 21333.

1. **Venue:** ACTION FOR NEGLECT OF COUNTY ATTORNEY. A cause of action for the neglect of a county attorney, after an accused has been held to appear, to file an information at the next term of the district court, or to file reasons for failing to do so, arises in the county where such district court is held.

2. **Criminal Law:** PERSONS HELD TO DISTRICT COURT. Since the amendment of 1915 (Laws 1915, ch. 162) to section 8957, Rev. St. 1913, persons bound or held over to the district court at the next term on criminal charges should be held or bound over to appear at "the first day of the next *jury* term" of such court, instead of to "the first day of the term" as theretofore.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. E. Willits* for appellant.

*Tibbets, Morey & Fuller* and *Stewart, Perry & Stewart,* contra.

LETTON, J.

Action against the county attorney, the deputy county attorney, and the sheriff of Frontier county, and the respective sureties upon their official bonds for wrongful, negligent and oppressive acts alleged to have been committed by the officers named. The action was brought in Adams county. Summons was served on the officers in Frontier county, and for the defendant surety company on the state insurance commissioner in Lancaster county. Special appearances were filed by the defendants separately, substantially on the ground that no defendant had been served in Adams county, and hence there was no authority to direct a summons to another county or to serve a summons in another county. The court sustained the objections to jurisdiction and dismissed the action. Plaintiff appeals.

The facts alleged which are material to the questions presented are in substance as follows: On May 8, 1918, upon a complaint filed by the deputy county attorney and upon a preliminary examination, plaintiff was held and bound over by the county court of Frontier county to appear before the district court for that county on the first day. of the next regular term thereof. He was placed in the custody of the defendant sheriff, who caused him to be confined in the county jail of Adams county, where he was detained until December 21, 1918, against his will. The next regular term of district court for Frontier county convened on June 13, 1918, and adjourned *sine die* on June 14, 1918. It was alleged that it was the duty of the county attorney either to file an information at that term or file his reasons in writing for not so doing, but the county attorney and his deputy grossly and maliciously failed to file an information or reasons for not filing one, and on December 21 he was discharged from imprisonment on a writ of habeas corpus; that it was the duty of the

Harrison v. Cheney.

sheriff to produce plaintiff before the district court for Frontier county on the first day of the June term, but he maliciously and oppressively failed to do so, and that the imprisonment of plaintiff was illegal subsequent to June 14, 1918. Damages are claimed for the expenses of the habeas corpus proceeding, loss of earnings, wrongful imprisonment, and mental and physical discomfort and suffering.

The theory of appellant is that the cause of action is false imprisonment, that the cause of action or part of it arose in Adams county, and that an action against a public officer, or on his official bond, must be brought where the cause of action, or some part of it, arose, and hence the court erred in dismissing the action.

The petition does not charge that the arrest and consequent imprisonment were wrongful or illegal in the first instance, but only that the detention was illegal after June 14, 1918. The wrongful omission to act upon the part of the county attorney charged, occurred on June 13 and 14, when district court was in session in Frontier county, and no information was filed and reasons for not filing one were not presented. But this omission was in Frontier county, and the action for such omission should have been brought where the act should have been performed. Neither did the sheriff commit any wrongful act in Adams county or omit to perform any legal duty in that county. He had no right to discharge the plaintiff from custody on his own volition, and there is no statutory provision making it his duty to produce a prisoner who has been committed to await action at the next term of court at any specific time. He must produce such prisoner when directed by the court or by the prosecuting officer, and is not at liberty to release and discharge him without authorization. This being the case, the petition does not allege any cause of action against the sheriff which arose in Adams county. The detention is alleged to have been the result of the failure of the officers to act in Frontier county, and no affirmative act of any of these officers took place in Adams county.

Section 7615, Rev. St. 1913, provides that an action against a public officer for an act done by him by virtue of or under color of office, or for any neglect of his official duties, must be brought in the county where the cause, or some part thereof, arose. The neglect of the county attorney did not occur in Adams county and, as to the sheriff, the allegations of the petition do not show any neglect of a legal duty in that county.

Public officers should not be required to leave the county where the proper discharge of their official duties requires their presence to defend actions based on complaints as to the performance of such duties, except for cogent reasons.

The facts in this case are so different from those in *Vennum v. Huston*, 38 Neb. 293, relied upon by appellant, that the decision in that case is not applicable.

It may be well to notice that the statute relating to persons bound or held over to the district court for trial on criminal charges (Rev. St. 1913, sec. 8957) was amended in 1915 (Laws 1915, ch. 162), so that they now are (and appellant should have been) held to appear forthwith, if the district court is in session, and, if not in session, to appear on the first day of the next *jury* term of the district court.

To sum up, the action was upon the official bonds of the respective officers and was for neglect of official duty. It was not an ordinary action for false imprisonment. It should have been brought in the county where the neglect of the duty is charged to have taken place. The special appearance was properly sustained.

AFFIRMED.