Bailey v. Chilton.

---

MARTIN L. BAILEY, APPELLEE, V. JAMES W. CHILTON, APPELLANT: GUY A. SILVIS ET AL., APPELLEES.

FILED OCTOBER 14, 1921. No. 21594.

1. **Pleading: Equity.** In an action to cancel deeds and recover title to real property, which is alleged to have been wrongfully and fraudulently procured from the owner, a prayer for alternative

relief, asking that damages may be awarded in case the property cannot be. reconveyed, is proper, since equity, having once obtained jurisdiction of the controversy, will retain the case to assess damages in favor of the injured party, or to decree such other relief as may be just in the premises.

2. **Fraud: Suit to Cancel Deed: Parties.** In such an action, it is proper to join, as one defendant, the person who fraudulently deprived the owner of his property, as well as the person to whom the property has been conveyed by him and who, it is alleged, took the property with notice of the fraud.

3. **Venue: Issuance of Summons to Another County.** Where an action is brought and service had upon one defendant in the county where the petition is filed, the action cannot be said to be rightfully brought in the county so as to authorize issuance of summons to a second defendant in another county, where it develops that the plaintiff is unable to present an issuable controversy as to the first defendant, and has no reasonable basis for a cause of action against him, and where no issue of fact is presented to establish that such defendant has any substantial interest in the suit adverse to the plaintiff.

Appeal from the district court for Lincoln county: Hanson M. Grimes, Judge. *Reversed.*

*C. L. Baskins,* for appellant.

*Hoagland & Carr, George N. Gibbs* and *Evans & Evans,* contra.

Heard before Morrissey, C.J., Aldrich, Day, Dean, Flansburg, Letton and Rose, JJ.

Flansburg, J.

This was an action based upon fraud brought against the defendants Chilton and Silvis to cancel certain deeds made by the plaintiff, and to recover title to the real estate thereby conveyed, and, in the event that such real estate could not be recovered, plaintiff sought an award of damages for the wrongful deprivation of his property. The lower court held that the property had been conveyed by defendant Chilton, plaintiff's immediate grantee, to defendant Silvis, an innocent purchaser, entered judgment for the plaintiff for damages against the defendant

Chilton, and the action as to Silvis was dismissed. Defendant Chilton appeals.

The sole question is one of the jurisdiction of the court over the person of the defendant Chilton, who was served by a summons sent to him in a county other than the county in which the action was instituted.

Plaintiff in his petition, for cause of action, stated that the defendant Chilton had, by fraudulent representations, procured a deed from plaintiff to Chilton, covering the real estate in controversy, and that defendant Chilton, having procured title to such real estate, had conveyed the same by deed to the defendant Silvis, and that the defendant Silvis took with knowledge of the fraud perpetrated upon the plaintiff and was not an innocent purchaser for value. The plaintiff prayed that his deed to the defendant Chilton and the deed from Chilton to defendant Silvis be canceled, and that the title to the real estate be quieted in him; but, in the event that the court should find that Silvis was an innocent purchaser and had acquired a good title as against the plaintiff, that the plaintiff be allowed to recover a money judgment against Chilton for damages.

The suit was instituted in Lincoln county, and service was had upon defendant Silvis in that county and upon defendant Chilton by service of summons upon him in Arthur county.

Defendant Chilton contends that he was improperly made defendant in the action, since the plaintiff's cause of action, if any, against him and against defendant Silvis could not be joined in the same proceeding. It is his contention that plaintiff's cause of action against him was one for damages and the cause of action against Silvis was one in equity to cancel deeds and quiet title. The gist, however, of the plaintiff's action is to recover property, or its value, of which plaintiff has been wrongfully deprived, and his claims against the two defendants, as set out in his petition, grow out of the same transaction, or series of transactions, between the par-

ties, all tending to one end. It would seem that the relief asked for was properly sought in one proceeding. 20 Cyc. 430. By the allegations of the plaintiff's petition, both defendants, Chilton and Silvis, acted together in fraud of the plaintiff's rights and to the end of depriving him of his property, and, where an action is brought for the purpose of canceling deeds fraudulently procured, and it is found that the property for some reason cannot be reconveyed to the party wronged, a court of equity, having attained jurisdiction, will hold the case for the purpose of giving complete relief, and may award damages in lieu of the return of the property. 9 C. J. 1263, sec. 211. As said in *Johnson v. Carter*, 143 Ia. 95, 100: "It is a well-settled proposition that, equity having once obtained jurisdiction of a controversy, if it be found that some act of the party charged has made the application of the specific remedy sought impossible or impracticable, the court will retain jurisdiction to assess damages in favor of the injured party, or to decree such other relief as may be just in the premises. * * * It would be a strange perversion of the spirit which pervades all rules of equity if, when a party, who has been defrauded of his title to land, brings the person who defrauded him into a court of equity, upon a demand for rescission of the conveyance, he can divest the court of jurisdiction by showing that he has conveyed the title to an innocent purchaser, and thus compel the injured party to resort to another forum for the recovery of damages." See, also, *Rakow v. Tate*, 93 Neb. 198.

Under the allegations of the plaintiff's petition, then, it was proper to join the defendants in the one action and to seek the relief prayed.

It is, however, further contended by the defendant Chilton that at the time of the institution of the proceeding it was fully known to the plaintiff that the defendant Silvis had not participated in the fraud, and that Silvis was, in fact, an innocent purchaser from Chilton; that it was, therefore, fully known to plaintiff that he had no

cause of action against the defendant Silvis, and that the allegations of the plaintiff's petition, so far as they relate to any cause of action against Silvis, were made without any foundation whatsoever in fact, and only for the purpose of a joinder of Silvis in the action, so as to procure service upon Silvis in the county, and by that means furnish a basis for the issuance of process against Chilton, as a codefendant, outside of the county where the action was brought.

The statute provides that, where the action is rightfully brought in any county, a summons may be issued to any other county against one or more of the defendants at the plaintiff's request. Rev. St. 1913, sec. 7627.

An action to quiet title must be brought in the county where the property is situated, and in such an action Chilton would have been a proper party defendant to the proceeding, though he had parted with his interest in the property by his deed to Silvis. 32 Cyc. 1347, 1348.

Before, however, the action for fraud or to quiet title can be said to have been rightfully brought against Silvis, it must appear that the plaintiff had some substantial basis for the action. We have made a careful examination of the entire record in this case, and find no attempt in the testimony at any place to show that Silvis was a party to the fraud with Chilton, nor to deny the fact that he was an innocent purchaser of the property. In fact, it does appear that the plaintiff, by his actions, has at no time controverted the rights of Silvis. He promptly moved out of the property at the request of Silvis, and has, until this suit, recognized his title. Upon an examination of all the evidence in the case, it appears clear to us that, as to the defendant Silvis, the action is purely nominal.

Had the plaintiff shown any reasonable ground to believe that Silvis was not an innocent purchaser, and had he introduced sufficient evidence to show that his action against Silvis was based upon probable cause, the case would have been different, for his action might have been

rightfully brought and the court have acquired jurisdiction for the trial of the issuable controversy as against Silvis, though it should prove, upon trial, that the plaintiff's evidence was insufficient to allow him to prevail. But in this case the plaintiff, by his testimony, presented no issue in support of a cause of action against Silvis. The testimony in the case bears upon the one issue of alleged fraud perpetrated by defendant Chilton and upon the question of the amount of damages. That Silvis was not a party to the fraud, but was an innocent purchaser of the property for value, is shown beyond any dispute, as to fact or inference, in the record.

Where an action is brought and service had upon one defendant in the county where the petition is filed, the action cannot be said to be rightfully brought in the county so as to authorize issuance of summons to a second defendant in another county, where it develops that the plaintiff is unable to present an issuable controversy as to the first defendant, and has no reasonable basis for a cause of action against him, and where no issue of fact is presented to establish that such defendant has any substantial interest in the suit adverse to the plaintiff. *Cobbey v. Wright,* 29 Neb. 274; *Dunn v. Haines,* 17 Neb. 560; *Allen v. Miller,* 11 Ohio St. 374; *Miller v. Meeker,* 54 Neb. 452; *Ayres v. West,* 86 Neb. 297.

For the reasons given, it is our opinion that the district court acquired no jurisdiction over the person of the defendant Chilton, and his objections to the court's jurisdiction should have been sustained. The judgment entered against defendant Chilton is

                                         REVERSED.