CLARENDON E. ADAMS, JR., APPELLEE, v. GUTHRIE & COMPANY ET AL., APPELLANTS.

FILED MARCH 6, 1925. No. 22947.

1. **Venue.** An action at law was brought against A., B., C. and D., in Douglas county, which was the legal residence of D., and he was there served with process, issued by the district court of that county. A., B. and C. were residents of Nuckolls county, and they were served with process in that county, which was issued by the district court for Douglas county. A., B. and C. appeared specially and objected to the jurisdiction of the court over them on the ground that D. was not liable as a defendant, and had no lawful interest in the subject of the controversy as against the plaintiff. *Held*, that the objections to jurisdiction should have been sustained.

2. **Statute Construed.** Section 4699, Comp. St. 1922, construed and applied.

3. **Appearance.** The rule announced in *Gaines v. Warrick*, p. 235, *post*, as to a special appearance objecting to the jurisdiction of the court, approved and followed.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Reversed.*

*J. H. Agee, Arthur F. Mullen* and *Frank H. Stubbs,* for appellants.

*Bernard McNeny* and *John F. Moriarty, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

PER CURIAM.

This is an action to recover on two promissory notes, brought by plaintiff Clarendon E. Adams against defendants Guthrie & Company, the Southern Nebraska Power Company, David Guthrie, and C. E. Adams, in the district court for Douglas county. The latter-named defendant is charged as indorser, and the others as makers. The amended petition alleges, in substance, that Guthrie & Company was a Nebraska corporation, organized for the purpose of operating a milling business at Superior, of which David Guthrie was owner and manager; that some time after December 3, 1913, this concern was reorganized into the defendant Southern Nebraska Power Company, of which David Guthrie continued to be owner and manager; that on December 3, 1913, defendants Guthrie & Company and David Guthrie made and delivered to defendant C. E. Adams the two notes sued on, one in the amount of $2,204 and the other in the amount of $1,725; that "before said note became due the same was indorsed by the said C. E. Adams (in blank) to this plaintiff, who thereupon became the holder in due course of said note. When said note became due, to-wit, on the 3d day of December, 1914, payment thereof was duly demanded of the payees, who failed and refused to pay the same. The defendant C. E. Adams was duly notified of such demand and failure and that he would be required by the plaintiff to pay the same. Said defendant C. E. Adams is liable on said note as indorser, and Guthrie & Company and David Guthrie are liable as makers." Prayer is for the full amount of the note with interest.

Defendant C. E. Adams filed no pleading, and a default judgment was entered against him. Each of the other defendants interposed a special appearance, objecting to the jurisdiction of the court over their respective persons;

alleging, in substance, that each is a resident of Nuckolls county and not of Douglas; that each was served in Nuckolls county; that defendant C. E. Adams, though a resident of Douglas county and served there, is only a nominal defendant, made defendant in order to enable plaintiff to prosecute this action in Douglas county rather than in Nuckolls county, and that he has no interest in the case adverse to plaintiff, but is, in fact, acting in collusion with him. Plaintiff filed no answer to the special appearances. Upon hearing, each was overruled.

Each defendant, excepting C. E. Adams, then filed an answer, into which this objection to the jurisdiction of the court was carried, alleging, substantially, the same grounds as are set out above. The answer alleged also, in substance, that the notes had been materially altered without the knowledge or consent of the makers, and that the consideration for the original notes, of which notes in question were renewals, had been paid. Reply is a general denial of new matter in answers. Trial had to jury. At close of testimony for plaintiff, motion by answering defendants was interposed for an instructed verdict in their behalf, which was overruled. Then, at close of the case as to evidence, defendants, other than Adams, requested the court to enter judgment in their favor as to plea to jurisdiction, and plaintiff asked judgment in his favor on cause of action pleaded. Court held, as each had asked judgment by such respective requests on question of jurisdiction, trial thereof to jury had been waived, and defendants' motion on that question was overruled, and finding that it had jurisdiction was entered. Then case was submitted to the jury, on question of alteration and payment, verdict for plaintiff for amount claimed returned, motion for new trial on part of these defendants overruled, and judgment entered, to reverse which answering defendants prosecute this appeal.

Among the errors presented, the overruling of each special appearance and plea to jurisdiction, contained in the respective answers, is alleged. As to whether the district court for Douglas county had jurisdiction of the answering

defendants, it is necessary to determine whether C. E. Adams is a real defendant in the case, or a nominal one only.

Section 4699, Comp. St. 1922, provides, so far as applicable to this case: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by * * * nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any * * * indorser to whom such notice is not given is discharged."

Plaintiff's petition is without an allegation of presentment or demand upon the makers or any of them. He does allege that he made a demand upon the "payees." This may have been a mere clerical error, yet an amendment changing this word to "payors," or "makers," could not have been had without materially affecting defendant Adams, against whom a default judgment had been entered. Such amendment would have necessitated a reservice of summons upon him. 34 C. J. 164, sec. 375. The same rule would apply were an amendment sought in this court, as defendant Adams is not a party to the appeal. However, the petition upon this point states the truth, for the evidence plainly shows, as is later noted, that the demand for payment was actually made on the payee, and not on the payors, or makers.

Granting, for the moment, that this is a mere clerical error, or that plaintiff might have amended his petition and changed this word "payees" to "payors" or "makers," yet his own witness testified that no demand was ever made upon the payors, or any of them, and the case is without evidence of such demand. Thus, if the plaintiff's petition read "payors" or "makers," instead of "payees," his own evidence would negative the allegation.

There was some evidence tending to prove a waiver by the indorser, C. E. Adams, of such demand. Timely objections were interposed by defendants to such evidence, two of the grounds being that it was irrelevant and immaterial. The objections were overruled. As no waiver was

pleaded, such evidence was both irrelevant and immaterial, and the court erred in admitting it.

As to the objection to jurisdiction. At the close of the evidence, these answering defendants moved the court for judgment in their favor, and, as one ground, alleged that "the petition filed herein does not state a cause of action against the defendant C. E. Adams." From plaintiff's own evidence, no presentment, demand and notice were had which would render the indorser liable under section 4699, *supra*. And, as this case does not come within the exceptions referred to in this statute, the indorser, C. E. Adams, was discharged. He had no interest in this case adverse to plaintiff, and was a mere sham defendant. This being true, the trial court erred in not sustaining the objection to jurisdiction presented by each of the defendants other than C. E. Adams, by way of special appearance, and in not sustaining the motion for judgment on that part of defendants' answers wherein objection to jurisdiction over their respective persons was pleaded. *Miller v. Meeker,* 54 Neb. 452; *Cobbey v. Wright,* 23 Neb. 250; *Stewart v. Rosengren,* 66 Neb. 445; *Seiver v. Union P. R. Co.,* 68 Neb. 91. *Gaines v. Warrick,* p. 235, *post,* approved and followed.

For the foregoing reasons, it is considered by us that the trial court was without jurisdiction of defendants Guthrie & Company, David Guthrie, and Southern Nebraska Power Company, and that the case should be, and hereby is,

REVERSED AND REMANDED.