PLATTE VALLEY IRRIGATION DISTRICT, APPELLANT, V. CHARLES W. BRYAN, GOVERNOR, ET AL., APPELLEES.

FILED MARCH 26, 1936. No. 29569.

*Halligan, Beatty & Halligan* and *Perry, Van Pelt & Marti,* for appellant.

*William H. Wright, Attorney General, Milton C. Murphy, F. E. Williams, Neighbors & Coulter* and *Morrow & Morrow, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day, Paine and Carter, JJ.

Carter, J.

This is an action to enjoin the defendant irrigation districts from using certain waters of the North Platte river in violation of plaintiff's prior right thereto, and to restrain certain administrative officers of the state from permitting such diversions of water as would interfere with plaintiff's prior right. The trial court sustained special appearances filed by the defendant irrigation districts. Other defendants filed demurrers, which were likewise sustained. Plaintiff elected to stand on its petition and the action was dismissed. From the orders thus entered, plaintiff appeals.

The petition alleges that the defendant Charles W. Bryan was at the time governor of the state and vested with the

civil administration of its laws; that Arthur T. Lobdell was at the time the acting state engineer and the administrative head of the department of roads and irrigation; and that the defendant Robert H. Willis was the chief of the bureau of irrigation and superintendent of water division No. 1A. The petition further alleges that the Gering Irrigation District and the Farmers Irrigation District were regularly organized irrigation districts with their principal places of business in Scotts Bluff county, and that the Belmont Irrigation District and the Bridgeport Irrigation District were likewise regularly organized irrigation districts with their principal places of business in Morrill county. Service of summons was had on the defendants Bryan and Lobdell in Lancaster county, their place of residence. The defendants Willis, Belmont Irrigation District and Bridgeport Irrigation District were served in Morrill county, their places of residence, while the Gering Irrigation District and the Farmers Irrigation District were served in the county of their residence, the same being Scotts Bluff county. The question to be determined is the correctness of the ruling of the trial court in sustaining the demurrers and special appearances hereinbefore mentioned.

The petition alleges that the North Platte river is a non-navigable stream which has its source in the mountains of Colorado and flows across a part of Wyoming and Nebraska to a point in Nebraska approximately 200 miles from the Wyoming-Nebraska line, where it joins the South Platte river to form the Platte river. The petition further alleges that the waters of the North Platte river are subject to appropriation for irrigation purposes upon the principle that priority of time bestows priority of right; that, since 1895, all permits for appropriation of water for irrigation purposes in this state have been through the administrative officers of the state, who have been charged with the duty of administering such appropriations; that plaintiff has an appropriation of 200 second feet of water with priority date of May 31, 1884; that plaintiff's appropriation is prior to that of the defendant irrigation districts and all other ir-

rigation districts whose headgates are located west of the headgates of the plaintiff.

Plaintiff also alleges that the defendants Bryan, Lobdell and Willis, as governor, state engineer and chief of the bureau of irrigation, respectively, were charged with the duty of administering the waters of the North Platte river fairly and impartially with regard to the established priority rights of users along the river; that in 1934 the rainfall in the area served by plaintiff's canal was less than normal and the water available in the North Platte river for irrigation purposes was insufficient to supply the needs of all users; that the defendants Bryan, Lobdell and Willis permitted, encouraged and aided the defendant irrigation districts to wrongfully use water of the North Platte river for irrigation purposes in violation of the priority rights of the plaintiff, and conspired with the defendant districts and among themselves to accomplish such result; that because of said wrongful action plaintiff was deprived of its irrigation water and suffered great damage as a result thereof. Plaintiff thereupon prayed for an injunction against all of said defendants restraining them from doing any of the wrongful acts complained of.

The record shows that the petition in the case at bar was filed on December 22, 1934. This court will take judicial notice of the fact that the terms of office of Bryan and Lobdell expired on January 3, 1935. It cannot be questioned that the irrigation season for 1934 had terminated when the suit was filed. Comp. St. 1929, sec. 46-609. The right to an injunction against the defendants with reference to the use and distribution of irrigation water for the season of 1934 was therefore a moot question. It must also be borne in mind that the defendants Bryan and Lobdell were charged with conspiring with the other defendants to deprive plaintiff of the irrigation water to which it was entitled. There certainly is no presumption that such a wrongful conspiracy would be continued by their successors in office. In fact, the presumption is to the contrary. The plaintiff knew at the time of filing its petition that the terms

of office of Bryan and Lobdell would expire on January 3, 1935. It therefore knew that relief could not be obtained against them for the irrigation season of 1935 or any irrigation season thereafter. Under such circumstances, Bryan and Lobdell were made parties to an action that was moot as to them and, they being the only resident defendants in Lancaster county, the district court for Lancaster county did not obtain jurisdiction over the other defendants by serving a summons upon them in the counties of their residence. Comp. St. 1929, sec. 20-504.

In order for an action to be rightly brought against the defendant who is served with summons in the county in which it is brought, and that a summons may be issued to another county for service upon another defendant, it must appear that such defendant has a substantial interest in the subject of the suit adverse to the plaintiff. His interest must be more than nominal. *Miller v. Meeker,* 54 Neb. 452, 74 N. W. 962; *Bailey v. Chilton,* 106 Neb. 795, 184 N. W. 939; *Adams v. Guthrie & Co.,* 113 Neb. 192, 202 N. W. 867.

We have also concluded that this action cannot be maintained in Lancaster county. Section 20-404, Comp. St. 1929, provides in part as follows: "Actions for the following causes must be brought in the county where the cause or some part thereof arose: * * * Second: An action against a public officer, for an act done by him in virtue of or under color of his office, or for any neglect of his official duty." It will be noted that the cause of action pleaded in this case asks an injunction that is mandatory in its nature. It would require the defendants Bryan and Lobdell to take action to prevent the defendant districts from taking irrigation water from the North Platte river that belongs to the plaintiff. This would require such action in Morrill and Scotts Bluff counties. Necessarily, the cause of action arises in those counties and not in Lancaster county. Such being the case, the action was not rightfully brought against Bryan and Lobdell in Lancaster county, it being an action against a public officer for an act done in virtue of or under color of his office. The district court for Lancas-

ter county could not therefore obtain jurisdiction over the other defendants by serving them with summons outside of Lancaster county. *Kyd v. Exchange Bank of Cortland,* 56 Neb. 557, 76 N. W. 1058; *State v. McHugh,* 120 Neb. 356, 233 N. W. 1; *Harrison v. Cheney,* 105 Neb. 821, 182 N. W. 367. It is clear therefore that the duties imposed upon the defendants Bryan, Lobdell and Willis, with reference to administering appropriations of water for irrigation purposes, are not to be performed in Lancaster county, and the suit at bar could not therefore be commenced in that county. Since the trial court did not have jurisdiction of the subject-matter of the action, it could not acquire jurisdiction over any of the defendants. In view of this holding, it will not be necessary to discuss other assignments of error relied on by the plaintiff.

We conclude that the special appearances and demurrers of defendants were properly sustained and the action rightfully dismissed.

AFFIRMED.