W. L. WISTROM, APPELLEE, V. C. A. FORSLING, SHERIFF, ET AL., APPELLANTS.

14 N. W. 2d 217

FILED APRIL 28, 1944. No. 31524.

*Torgeson & Halcomb* and *Chambers, Holland & Locke,* for appellant.

*P. J. Heaton* and *John H. Kuns, contra.*

CARTER, J.

Our first opinion in this case will be found in 143 Neb. 294, 9 N. W. 2d 294. In that opinion we determined that the petition filed in the municipal court in Lincoln was sufficient to confer jurisdiction over the plaintiff who was served with process in Kimball county. In determining that question we said that the petition in the municipal court "did state a joint cause of action against Carr and the plaintiff here and that on the basis of the petition summons was properly issued for service in Kimball county, Nebraska." On motion for a rehearing it is pointed out that an endorser of a negotiable instrument must be given notice of dishonor by nonpayment, otherwise such endorser is discharged. Comp. St. 1929, sec. 62-701. The petition filed in the municipal court failed to allege any notice of dishonor to the endorser. It is then urged that as plaintiff failed to state a cause of action against the endorser the municipal court judgment is wholly void. For the purposes of this opinion we concur in the view that the petition filed in the municipal court did not state a cause of action against the endorser and that a demurrer thereto, if timely made, should have been sustained. 10 C. J. S. 1231, sec. 616. The sole question is whether this makes the judgment void so that it may be successfully attacked collaterally.

It seems to be the rule that allegations immaterial and wholly insufficient in law may be sufficient to "set the judicial mind in motion," or to "challenge the attention of the court," and to give actual jurisdiction, though a wrongful one, which will shield the proceedings from collateral attack. "The complaint may seek a specific enforcement of some contract or trust concerning real estate. It may show on its face that the contract was made or trust arose by parol and is barred by the Statute of Frauds; that it is barred by the Statute of Limitations; that the plaintiff is an administrator while the cause of action belongs to the heirs; that the defendant was disabled by law from making such a contract or becoming such a trustee; that no cause of action has yet arisen for want of a demand and refusal, and yet a decree specifically enforcing the same is not void, although no approach towards stating a cause of action is made. * * * A large number of cases are cited * * * where the judgment is not void although the affidavit, complaint or petition showed affirmatively that the plaintiff *had no cause of action whatever.* These illustrations show that there is no connection between jurisdiction and sufficient allegations. In other words, in order to 'set the judicial mind in motion,' or to 'challenge the attention of the court,' it is not necessary that any material allegation should be sufficient in law, or that it should even tend to show facts that are sufficient. If that were the rule, the absence of any material allegation would always make the judgment void, because it cannot be said that such a complaint has any tendency to show a cause of action. It will be seen from the cases about to be cited, that, when the allegations are sufficient to inform the defendant what relief the plaintiff demands—the court having power to grant it in a proper case —jurisdiction exists, and the defendant must defend himself." Vanfleet, Collateral Attack, p. 80. See, also, Freeman, Judgments (5th ed.) 2692.

Our decisions appear to adhere to the foregoing rule. In *Dryden v. Parrotte,* 61 Neb. 339, 85 N. W. 287, we said: "Whether the facts stated in the petition constituted a

cause of action and entitled the plaintiffs to relief, was a judicial question which the trial court had authority to consider and decide; and it is a universal principle—an axiom of the law—that where a court has jurisdiction of both the subject-matter and the parties, power to decide implies authority to decide either way—to reach either a right or a wrong conclusion—and, in conformity therewith, to pronounce a judgment that will be conclusive upon the litigants and those in privity with them, unless reversed, vacated or modified in an appellate or other direct proceeding instituted for that purpose. The sufficiency of the petition is not a test of jurisdiction; although it may be defective in substance it will support a judgment if the court has authority to grant the relief demanded and the facts upon which the demand is based are intelligibly set forth."

In *Logan County v. Carnahan*, 66 Neb. 693, 95 N. W. 812, we said: "The court having jurisdiction to hear and determine the right of a county to enforce a tax lien and to decree foreclosure and sale of real estate in satisfaction thereof, and the county having authority under the statute to institute proceedings and maintain an action in its own behalf and as trustee for those other bodies for whom the taxes are levied, a decree rendered which determines the right of a county to maintain such an action, and directs a sale of the property, would not be subject to collateral attack, even though the court committed an error in holding the petition stated a cause of action. If, in such action brought by a county to foreclose a lien for taxes assessed on real estate, the petition is materially defective because of a failure to properly allege facts disclosing that prior to the institution of the suit to foreclose, the land upon which the tax was a lien had been sold by the county treasurer and tax-sale certificate issued therefor, this fact would not render a decree therein absolutely void for lack of jurisdiction and subject to collateral attack. The sufficiency of a petition is not the test of jurisdiction. Even though the court commits error in holding it sufficient if it had jurisdiction, such holding will not subject the judgment ren-

dered to collateral attack." See, also, *Howell v. Ross,* 69 Neb. 1, 94 N. W. 955; *Brandeen v. Lau,* 113 Neb. 34, 201 N. W. 665; *In re Guardianship of Warner,* 137 Neb. 25, 288 N. W. 39. We conclude, therefore, that the petition filed in the municipal court stated facts bringing the case within the jurisdiction of that court; and the judgment entered, even though based on a petition vulnerable to direct attack, is valid and not subject to collateral attack. Under the circumstances shown, the action was rightly brought in the municipal court of Lancaster county, and the summons properly issued for service on plaintiff in Kimball county, as provided by section 20-504, Comp. St. 1929. See *Hobson v. Cummins,* 57 Neb. 611, 78 N. W. 295; *Hess v. Lell,* 4 Neb. (Unof.) 476, 94 N. W. 975; *Barry v. Wachosky,* 57 Neb. 534, 77 N. W. 1080.

The objection to the sufficiency of the petition filed in the municipal court in failing to state a cause of action against the endorser is here raised by the maker of the note. This is not a matter available to the maker in a collateral attack upon the judgment. *Belcher v. Palmer,* 35 Neb. 449, 53 N. W. 380. See, also, 10 C. J. S. 1232.

Plaintiff relies upon *Burwell v. Gaylord,* 119 Minn. 426, 138 N. W. 685; *Witte v. Broz,* 111 Neb. 76, 197 N. W. 121; and *Adams v. Guthrie & Co.,* 113 Neb. 192, 202 N. W. 867. An examination of these cases reveals that the objections to the sufficiency of the petitions were raised in the original actions and not by collateral attack as in the case at bar. We agree with the rules of law announced in these cases, but they have no application here. It is urged, however, that the following language from the *Adams* case sustains plaintiff's position: "And, as this case does not come within the exceptions referred to in this statute, the indorser, C. E. Adams, was discharged. He had no interest in this case adverse to plaintiff, and was a mere sham defendant. This being true, the trial court erred in not sustaining the objection to jurisdiction presented by each of the defendants other than C. E. Adams, by way of special appearance, and in not sustaining the motion for judgment on that part of

defendants' answers wherein objection to jurisdiction over their respective persons was pleaded." This language is undoubtedly correct in its application to the facts in a case where the sufficiency of the pleadings is directly raised. But in the case at bar the pleadings have in effect been held sufficient and a judgment entered thereon. The entry of the judgment implies that the pleadings were sufficient to sustain the judgment, and no appeal having been taken, the judgment and the proceedings incidental to its procurement have become final and the right to retry such issues in a collateral proceeding does not exist. It is contended that section 62-701, Comp. St. 1929, creates an exception to the general rule. It provides: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged." It is urged that a failure to plead a notice of dishonor not only discharges the obligation, but it has the effect of a satisfaction of the obligation. While we do not think the distinction is material, we are of the opinion that a discharge of an endorser within the meaning of section 62-701 is not the equivalent of a satisfaction of the obligation. This is evidenced by the provisions of section 62-721, Comp. St. 1929, as follows: "Notice of dishonor may be waived either before the time of giving notice has arrived or after the omission to give due notice, and the waiver may be express or implied." The fact that notice of dishonor may be waived either before or after the time for giving the notice is convincing proof that a discharge within the meaning of section 62-701 does not amount to a satisfaction of the obligation. See, also, *Kuhl v. Schlichtemeier,* 14 Fed. 2d 593.

We agree fully with the doctrine previously announced by this court that in a personal action the service of summons on a nominal defendant in the county where the suit is brought does not authorize the issuance of a summons to another county for the real defendant. But such an issue

must be raised directly where the subject matter of the action is within the jurisdiction of the court. It is not available in a collateral action such as we have here. The judgment obtained in the municipal court being valid, it is obvious that the action was rightfully brought in the municipal court of Lancaster county and, consequently, the issuance of summons to Kimball county for service on the plaintiff was in accordance with section 20-504, Comp. St. 1929. While it is true that fraud and collusion were alleged, our former opinion properly disposes of those questions in holding that there was no evidence to sustain the allegations.

Our former opinion is modified to the extent stated herein, the judgment reversing the case and dismissing the action is adhered to and the motion for a rehearing is denied.